## (June 30, 1964)

■ In the Matter of CHESTER SCHWIMMER, Respondent, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and VINCENT L. LEIBELL, JR., Appellant.— In a proceeding under section 330 of the Election Law: (a) to declare petitioner Charles Schwimmer the winner of the primary election held on June 2, 1964 in the Sixth Congressional District (Queens County) for the party position of delegate to the Republican National Convention; or (b) in the alternative, to direct a new primary election for said position, Vincent L. Leibell, Jr., a successful candidate, appeals from a judgment of the Supreme Court, Queens County, entered June 23, 1964 upon the court's decision after a hearing, which: (1) granted the petitioner's application to the extent of directing a new primary election for said party position; and (2) denied the motion of said Leibell to dismiss the petition for failure to join as parties another successful candidate (Edna M. Green) and another unsuccessful candidate (Kenneth J. Stearns). Judgment reversed on the law, without costs, and petition dismissed. No questions of fact were considered. Three voters, Broderick, Maher and Castel, who had been enrolled members of the Republican party, changed the party of their enrollment or affiliation on January 21, 1964, on March 31, 1964 and on April 18, 1964, respectively — before primary day, June 2, 1964. Despite such change, each of them voted in the primary election for candidates of the Republican party. The principal question at issue is whether such enrollment change disqualified them from voting for such candidates. The Special Term Justice held that the change did disqualify them and, in view of the fact that the candidate Leibell had won by a margin of only 2 votes (receiving 3,735 against 3,733 for petitioner), directed that a new primary election be held for the party position involved. We are of the opinion that, under the pertinent statutory provisions (Election Law, §§ 385, 369, 173, 186), a change in enrollment does not become effective or complete: (a) until the enrollment boxes, in which such changes are required to be deposited, shall have been opened on the day prescribed, to wit: the "Tuesday following the day of general election;" and (b) until all the enrollments shall have been transcribed and the results certified by the Board of Elections (Election Law, § 186; § 369, subd. 3). Hence, at the time of this primary election the three voters were still enrolled members of the Republican party and entitled to vote. Of course the fact that the three voters here had changed their enrollment was a matter of public record ascertainable by an examination of the records of the Board of Elections. Prior to the primary election, the right of these voters to cast their votes for candidates of the Republican party could have been challenged by an appropriate court proceeding

(Election Law, §§ 332, 330). We are also of the opinion that in any event the petition must be dismissed because of the failure to join the other two candidates involved, namely, Edna M. Green and Kenneth J. Stearns. Christ, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm on the grounds stated by the learned Justice at Special Term, and with the following memorandum: It is true that the Election Law does not specifically provide that an enrollment change shall be effective upon the date of its filing, but neither does this statute prescribe any other effective date. In the absence of any explicit statutory direction, the effective date should accord with the intent of the voter and with the justice and the realities of the situation. Immediately upon the filing of the change the voter publicly disavows all sympathy with and interest in his former political party. He has evinced, publicly and unmistakably, his intent to change his status — not prospectively but immediately. Hence, it would be intolerable to permit him thereafter to share in the selection of the candidates of the party which he has openly abjured. It is contrary to the whole spirit and philosophy of party management to permit a deserter to have a voice in the selection of candidates of his former party. Such an inconsistent and unjust result should be avoided unless the statute unequivocally mandates it; and there is no such statutory requirement.