■ In the Matter of ALFRED SHARPTON, Appellant, v JOSEPH J. PREVITE et al., Constituting the Board of Elections of the City of New York, and SONIA WITTEN et al., Respondents.—In a proceeding, *inter alia,* to validate petitions designating the petitioner as a candidate in the Democratic Party primary election to be held on September 12, 1978 for the public office of State Senator from the 17th Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 16, 1978 which, after a hearing, dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, application granted and the Board of Elections is directed to place the name of the petitioner on the appropriate ballot. During the years 1975 through 1977 petitioner was a registered voter enrolled in the Republican Party. In March, 1977, petitioner's registration was canceled by the Board of Elections for failure to vote in the general elections in two consecutive years. On June 19, 1978, he reregistered and filled out an enrollment blank designating his enrollment as a member of the Democratic Party. On June 20, 1978, petitions bearing the petitioner's name as a candidate of the Democratic Party for the office of State Senator from the 17th Senatorial District were circulated within the 17th District. Petitioner's designating petitions were challenged at a hearing held before the Board of Elections at which time the board invalidated the petitions on the ground that the petitioner was not, in fact, an enrolled Democrat. Special Term found that the Board of Elections had properly invalidated the designating petitions and denied in all respects petitioner's petition to validate them. In our opinion, section 5-300 of the Election Law clearly provides that the enrollment blank of a voter, who was not registered in this State for the previous general election and who registers on or before the 60th day before the next fall primary election, shall not be deposited in an enrollment box. Instead, the enrollment of such a voter shall be immediately completed. The provisions of subdivision 1 of section 5-300 and subdivision 4 of section 5-302 of the Election Law, requiring the enrollment of voters who change their party affiliation to be held in hiatus until after the next general election, by express language, apply only in cases where the voter's previous registration was canceled *after* the previous general election. In the instant case, the petitioner's previous registration was canceled in March, 1977, well before the last general election and he reregistered in timely fashion before the next fall primary election. Thus, his enrollment in the Democratic Party was complete immediately after his reregistration. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.