In the Matter of EARLE L. HOMER, Respondent, v BOARD OF ELECTIONS OF THE COUNTY OF CORTLAND, Respondent, and FLORENCE F. FITZGERALD, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 20, 1979 in Cortland County, which granted petitioner's application, in a proceeding under section 16-102 of the Election Law, seeking to declare invalid the designating petition designating appellant as a candidate of the Democratic Party for the office of County Legislator in the September 11, 1979 Primary Election. A designating petition on behalf of appellant, seeking a place on the primary ballot of the Democratic Party for the office of County Legislator, was filed with the Board of Elections of Cortland County (board) on July 26, 1979. Petitioner filed objections to the designating petition alleging, *inter alia,* that Joseph Rosato, who witnessed

page 3 of the petition, was not an enrolled member of the Democratic Party as required by subdivision 2 of section 6-132 of the Election Law. The board ruled the petition valid and petitioner commenced this proceeding. Special Term granted petitioner's application and directed the board to reject the designating petition. This appeal ensued. The sole issue is whether Joseph Rosato who, on February 13, 1979, filed a printed form with the board changing his enrollment from "Blank", denoting no political party affiliation, to "Democrat", was an enrolled Democrat when he witnessed the signatures on appellant's designating petition, as required by subdivision 2 of section 6-132 of the Election Law. We hold that he was not and, accordingly, affirm the judgment of Special Term. Pursuant to section 5-304 of the Election Law, a registered voter's change of enrollment from not enrolled in any party to enrolled in a particular party does not become effective until the first Tuesday following the next succeeding general election. Accordingly, Rosato's enrollment as a Democrat will not become effective until after the November, 1979 general election (see *Matter of Sims v Board of Elections of Erie County,* 22 NY2d 755; cf. *Matter of Sharpton v Previte,* 64 AD2d 939; *Matter of Schwimmer v Power,* 21 AD2d 835). Rosato, therefore, was not enrolled in the same party as the voters qualified to sign the petition, as required by subdivision 2 of section 6-132 of the Election Law, and the signatures he witnessed were properly declared invalid by Special Term (see *Matter of Sims v Board of Elections of Erie County, supra*). Judgment affirmed, without costs. Motion for leave to appeal to the Court of Appeals denied. Mahoney, P. J., Kane, Staley, Jr., and Main, JJ., concur; Greenblott, J., not taking part.