■ In the Matter of JAMES D. BREWSTER, Appellant, v CAYUGA COUNTY BOARD OF ELECTIONS et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Petitioner appeals from an order of Special Term dismissing his petition to invalidate the designating petition of respondent candidate, on the ground that the candidate's place of residence was insufficiently identified on the petition. Respondent candidate's address was sufficient to identify the candidate to signers. No possibility of deception, confusion or fraud has been raised. We find that the requirements of subdivision 1 of section 6-132 of the Election Law have been met (see Matter of Ferris v Sadowski, 45 NY2d 815, 817). Similarly, under these circumstances we also find that where, as here, the petition when read as a whole clearly indicates that the political subdivision involved was the Town of Conquest, that petition is valid (Matter of Cook v Zelazny, 49 AD2d 1036). (Appeal from order of Monroe Supreme Court, Kennedy, J. — election law.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ. (Decided Aug. 26, 1981.)

■ In the Matter of WILLIAM WAIBLE, Respondent, v HARRY E. DOSBERG, JR., Appellant, and EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents. — Order unanimously reversed, without costs, and petition dismissed. Memorandum: Respondent Dosberg appeals from an order of the Erie Special Term granting the petition to invalidate his designating petitions on the ground that the additions made to previously subscribed witness statements (including those in which respondent himself was the subscribing witness) violate section 6-132 of the Election Law as interpreted in Matter of Sheldon v Sperber (45 NY2d 788). Special Term erred. Matter of Sheldon v Sperber applies only to additions made to previously subscribed witness statements by "another in the witness' absence" (supra, p 789), and not to additions made to one's own statement. We find the other objections raised to be without merit. (Appeal from order of Erie Supreme Court, Ostrowski, J. — election law.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ. (Decided Aug. 26, 1981.)

■ RONALD PITTMAN, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Petitioner Pittman appeals from an order of Special Term dismissing his petition to invalidate the designating petition of respondent Bassett. Petitioner challenged the validity of certain signatures on a variety of grounds. Special Term found 573 valid signatures, 500 being required for designation. We find that 59 of the 573 signatures are invalid because of uninitialed, unexplained alterations (Matter of Klemann v Acito, 64 AD2d 952, affd 45 NY2d 796; Matter of Nobles v Grant, 57 AD2d 600, affd 41 NY2d 1048). Two additional signatures must be invalidated because they were not executed by the named person. With these deletions, there remain 512 signatures, a number sufficient to validate the petition. We have carefully considered petitioner's other arguments and find them to be without merit (Matter of Sharpton v Previte, 64 AD2d 939; NY Legis Ann, 1976, p 180). (Appeal from order of Erie Supreme Court, Joslin, J. — election law.) Present — Dillon, P.J., Cardamone, Callahan, Denman and Schnepp, JJ. (Decided Aug. 26, 1981.)