(March 19, 1992)

■ In the Matter of LENORA B. FULANI, Appellant, v OWEN T. SMITH et al., Constituting the New York State Board of Elections, et al., Respondents. (And Five Other Related Proceedings.)—Per Curiam. Appeals from two orders of the Supreme Court (Cardona, J.), entered March 12, 1992 in Albany County, which dismissed petitioners' applications, in six proceedings pursuant to Election Law § 16-102, to declare invalid the designating petitions naming respondents Paul E. Tsongas and Edmund G. Brown, Jr. as Democratic Party candidates for the office of President of the United States in the April 7, 1992 primary election.

Respondents Paul E. Tsongas and Edmund G. Brown, Jr. each separately filed a designating petition with the State Board of Elections (hereinafter Board) naming them as Democratic Party candidates for the office of President of the United States in the April 7, 1992 State primary election (hereinafter 1992 spring primary). After the Board rejected challenges made to the designating petitions, petitioners commenced these proceedings claiming that the designating petitions were defective because, *inter alia,* they contained an insufficient number of valid signatures. Three of the proceedings were commenced against the members of the Board and Tsongas and the other three proceedings were commenced against the members of the Board and Brown. After filing answers in their respective proceedings, Tsongas and Brown each moved to dismiss the proceedings based on a failure to join necessary parties. Supreme Court granted the motions and these appeals by petitioners followed.

We affirm. Apart from the designating petitions filed by Tsongas and Brown, designating petitions were also filed naming Congressional district delegate candidates and an alternate who, if elected at the 1992 spring primary, were pledged to support either Tsongas or Brown at the 1992 Democratic Party National Convention. Such designating petitions were authorized pursuant to, *inter alia,* Laws of 1991 (ch 737) which was enacted specifically in relation to the 1992 spring primary. The names of these district delegate candi-

dates and the alternate are currently scheduled to appear on the ballot in their respective Congressional districts in the 1992 spring primary.

If, however, petitioners' contentions with respect to the designating petitions of Tsongas and Brown were accepted and these designating petitions were ruled invalid and their names were no longer eligible to appear on the ballot in the 1992 spring primary, then under Laws of 1991 (ch 737, § 3 [6] [g]) the designating petitions of the district delegate candidates and the alternate would also not be valid and their names would likewise not appear on the 1992 spring primary ballot. They would thus lose the opportunity to be elected as delegates to the Democratic Party National Convention. We agree with Supreme Court's reasoning that, under these circumstances, these district delegate candidates and the alternate would be "inequitably affected" if the relief requested by petitioners was granted and that they were therefore necessary parties; the failure to join them thus requires dismissal of the proceedings *(see,* CPLR 1001 [a]; *Matter of Greenspan v O'Rourke,* 27 NY2d 846; *Matter of Schwimmer v Power,* 21 AD2d 835). Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.