■ In the Matter of JONATHAN HIPPS, Respondent, v CAROLEE C. SUNDERLAND et al., Respondents, and GLENN P. GUZI, Appellant. [630 NYS2d 792] —In a proceeding to validate a petition designating Jonathan Hipps as a candidate in a primary election to be held on September 12, 1995, for the nomination of the Republican Party as its candidate for the public office of Member of the Council, City of Peekskill, the appeal is from a judgment of the Supreme Court, Westchester County (Fredman, J.), entered August 9, 1995, which granted the application and validated the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The order to show cause in this proceeding, dated July 28, 1995, authorized service by the candidate upon the appellant by affixing the papers to the door of the appellant's residence and mailing the papers to the appellant by certified mail, return receipt requested, on or before 11:59 P.M. on July 28, 1995. The return date of the proceeding was August 2, 1995. On July 28, 1995, the candidate affixed the papers to the door of the appellant's residence and mailed the papers to the appellant. The candidate's service upon the appellant was proper and in compliance with the order to show cause. Adequate notice of the proceeding was given to the appellant five days prior to the return date (see, Matter of Serri v Heffernan, 298 NY 629; Matter of O'Connor v Power, 30 AD2d 926, affd 22 NY2d 889; Matter of Tinari v Berger, 196 AD2d 622; Matter of Foris v Power, 35 AD2d 734).

Moreover, the designating petition adequately describes the office for which the candidate seeks to be nominated, and avoids any reasonable probability of confusion (see, Matter of Liepshutz v Palmateer, 112 AD2d 1101, affd on other grounds 65 NY2d 965; see also, Matter of Ciccotti v Havel, 186 AD2d 979; Matter of Donnelly v McNab, 83 AD2d 896). Balletta, J. P., Copertino, Hart, Krausman and Florio, JJ., concur.