■ In the Matter of NORMA H. FATONE, Appellant, v BOARD OF ELECTIONS OF THE COUNTY OF RENSSELAER et al., Respondents. [630 NYS2d 600] —Per Curiam. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 8, 1995 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondents Michael J. Petruska and Frank A. La Posta as the Conservative Party candidates for the respective offices of Mayor and Council Member-at-Large for the City of Troy in the September 12, 1995 primary election.

Following the filing of a designating petition naming respondent Michael J. Petruska as the Conservative Party candidate for the office of Mayor of the City of Troy and respondent Frank A. La Posta, Nina Pattison and Eugene Eaton as the Conservative Party candidates for the office of Council Member-at-Large for the City of Troy in the September 12, 1995 primary election, petitioner commenced this proceeding challenging the

---

designating petition insofar as it related to Petruska and La Posta. Because Pattison and Eaton were not made parties to this proceeding, Supreme Court dismissed it for failure to join necessary parties. Petitioner appeals.

We affirm. Inasmuch as the petition alleges that the designating petition is permeated with fraud, the entire petition would have to be invalidated if this allegation was sustained, thereby depriving Pattison and Eaton of the opportunity of securing the Conservative Party's nomination for the office they seek (see, Matter of DeAngelo v DiFilippo, 196 AD2d 608, appeal dismissed, lv denied 82 NY2d 709). Thus, Supreme Court correctly concluded that Pattison and Eaton were necessary parties since their rights are "inextricably interwoven" with the rights of Petruska and La Posta (see, Matter of Greenspan v O'Rourke, 27 NY2d 846; Matter of Fulani v Smith, 181 AD2d 940, 941, lv denied 79 NY2d 755; Matter of McGoey v Black, 100 AD2d 635, 636). Consequently, the failure to join them requires dismissal of this proceeding (see, CPLR 1001 [a]).

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.