■ In the Matter of HARVEY M. ALBOND, Respondent, v CHRIS COLLINS, Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of JACK R. ESSENBERG, as Chairman of the Independence Party of State of New York, Petitioner, v CHRIS COLLINS et al., Respondents. (Proceeding No. 2.) [678 NYS2d 414] —Order unanimously affirmed without costs. Memorandum: We note at the outset that petitioner Harvey M. Albond did not stipulate to the record on appeal on the ground that he was not provided with a transcript of the proceeding in Supreme Court. Under the circumstances of this case, however, the inclusion of the transcript in the record on appeal is unnecessary because the parties stipulated to the pertinent facts at oral argument of this appeal. In any event, the absence of a stipulation to the record on appeal would not preclude our consideration of an appeal in an Election Law proceeding (*see, Matter of Barnes v Power*, 9 AD2d 694, *lv denied* 7 NY2d 707).

Respondent Chris Collins appeals from an order that invalidated his designating petition for the public office of Member of Congress, 29th Congressional District, State of New York, and restrained the New York State Board of Elections from placing or certifying the name of Collins on any primary election ballot of the Independence Party for such election. In his petition, Al-

bond asserted that the certificate of authorization filed on behalf of Collins was defective. The court determined that the service of Albond's petition was procedurally valid and that the certificate of authorization was signed by persons not empowered to authorize a candidate.

The court properly determined that Collins was properly served with Albond's petition. Although the papers were served on the last day of the statutory period (*see,* Election Law § 16-102 [2]), Collins had adequate notice because the return date was scheduled for three days later (*see, Matter of Hipps v Sunderland,* 218 AD2d 774; *cf., Matter of Kaplan v Bucha,* 207 AD2d 509, *lv denied* 84 NY2d 821; *Matter of Buhlmann v Le Fever,* 83 AD2d 895, *affd* 54 NY2d 775). The court also properly determined that the unauthorized signatories to the certificate of authorization were not necessary parties to the proceeding (*see generally,* CPLR 1001 [a]; *cf., Matter of Giorgi v Monroe County Bd. of Elections,* 198 AD2d 886).

In addition, the court properly determined that the certificate of authorization filed on behalf of Collins was defective. The signatories to the certificate of authorization were not empowered to authorize a candidate under the Rules of the New York State Committee of the Independence Party. Article XII (2) of those rules requires the State Executive Committee of the Independence Party to authorize a candidate, and neither of the two signatories to the certificate of authorization is a member of that committee (*see, Matter of Conservative Party v New York State Bd. of Elections,* 231 AD2d 481, *lv denied* 88 NY2d 998). Collins failed to establish the existence of an exception to those rules. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Election Law.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Boehm, JJ. (Filed Aug. 19, 1998.)