■ In the Matter of Louis J. Marcoccia, Appellant, v Robert L. Garfinkle et al., Respondents. [763 NYS2d 506] —In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Louis J. Marcoccia as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Republican Party as its candidate for the public office of Council Member of the 3rd Town District of the Town of Brookhaven, the petitioner appeals, as limited by his brief, from so much of a final order of the Supreme Court, Suffolk County (Catterson, J.), dated August 7, 2003, as denied that branch of his petition which was to validate his designating petition.

Ordered that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to validate the designating petition of Louis J. Marcoccia is reinstated, and the matter is remitted to the Supreme Court, Suffolk County for further proceedings consistent herewith, to be held with all due speed.

The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (see Matter of McGreevy v Simon, 220 AD2d 713 [1995]; Matter of O'Daniel v Hayduk, 59 AD2d 706, 707 [1977], affd 42 NY2d 1062 [1977]; Matter of Bruno v Ackerson, 39 NY2d 718 [1976], affg 51 AD2d 1051 [1976]). The order to show cause which brought on this proceeding provided for service upon the respondent Geraldine Esposito on or before July 28, 2003, by (1) personal delivery of the order to show cause and supporting papers to her, (2) leaving a copy of the same with a person of suitable age and discretion at her place of business or her residence, and mailing a copy to her at either of those places, or (3) affixing a copy of the same to the door of her residence and mailing a copy to her. While the order authorized service "on or before July 28, 2003," it is undisputed that under the Election Law a proceeding had to be commenced by July 24, 2003. On July 24, 2003, the petitioner affixed the papers to the door of Esposito's residence and mailed a copy to her at her residence.

While the Supreme Court erroneously authorized service beyond the time permitted by the statute for commencing the instant proceeding (see Matter of Berman v Board of Elections of County of Nassau, 68 NY2d 761 [1986]), the petitioner completed service within the time permitted by the statute. Since the manner of service, as authorized in the order to show cause, was stated in the alternative, the petitioner's use of "nail and mail" service on the last day on which the instant

proceeding could be commenced pursuant to Election Law § 16-102 (2) was proper and in compliance with the order to show cause. Esposito does not claim that she did not receive actual notice of the proceeding, but rather that she first became aware of the order affixed to her door at 2:00 A.M. on July 25, 2003. Thus, adequate notice of the proceeding was given to Esposito (*see Matter of Hipps v Sunderland*, 218 AD2d 774 [1995]; *Matter of Foris v Power*, 35 AD2d 734 [1970]), and there was no jurisdictional defect warranting dismissal of the proceeding.

The petitioner's designating petition was "sufficiently informative" to describe the office for which he sought candidacy (*Matter of Amelio v D'Apice*, 153 AD2d 713, 714 [1989]; *Matter of Donnelly v McNab*, 83 AD2d 896 [1981]). The objector failed to show a reasonable possibility that the signers, voters, or board of elections would have thought the petitioner was running for a different office given the petitioner's superfluous addition to the description of the office of a statement incorrectly indicating that it was for a two year unexpired term (*see Matter of Donnelly v McNab, supra*).

In light of the foregoing, we need not reach the petitioner's remaining contentions, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the pleadings. Ritter, J.P., Smith, S. Miller, H. Miller and Townes, JJ., concur.