■ In the Matter of MICHAEL QUIS et al., Appellants, v PUTNAM COUNTY BOARD OF ELECTIONS et al., Respondents, and Purported PUTNAM COUNTY INDEPENDENCE PARTY COUNTY COMMITTEE et al., Respondents. [802 NYS2d 709]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate certain actions taken at a reorganization meeting of the purported Putnam County Independence Party County Committee on September 23, 2004, the petitioners appeal from a final order of the Supreme Court, Westchester County (Nicolai, J.), entered October 20, 2004, which, among other things, granted the respondents-respondents' motion to deny the petition and dismiss the proceeding.

Ordered that the final order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding by order to show cause and annexed petition dated September 29, 2004, challenging, inter alia, the actions taken at a reorganization meeting of the purported Putnam County Independence Party County Committee (hereinafter the Committee) on September 23, 2004. The order to show cause provided that the petitioners could serve the respondents with it and the petition by enclosing the papers "in a securely sealed and post-paid wrapper addressed to the respondent's residence specified in any certificate on file with, or in the registration records of the Boards of Elections

. . . and depositing same with a depository of the United States Postal Service on or before October 1, 2004, via Express Mail Service." An affidavit of service stated that on September 30, 2004, copies of the order to show cause and annexed petition individually addressed to respondents George Gallinger and Jeanne Gallinger (hereinafter the Gallingers), officers elected at the meeting in question, at 40 Hillair Road in Lake Peekskill, New York, were deposited "in a post-paid wrapper, in an official depository under the exclusive care and custody of the US Postal Service." The Gallingers stated in an affidavit that they reside at 42 Hillair Road in Lake Peekskill, New York, and that this address is the one listed on the certificate filed with the Board of Elections. The respondents moved to dismiss the proceeding due to the petitioners' failure to properly serve all the respondents. The Supreme Court granted the motion. We affirm.

"[I]n election proceedings jurisdiction is not acquired unless the methods of service designated by the court are strictly complied with" (*Matter of Millar v Tolly,* 252 AD2d 872, 873 [1998]). A failure to join a necessary party to an election law proceeding requires dismissal of a petition (*see Matter of Cornicelli v Scannell,* 307 AD2d 1006 [2003]). The petitioners' failure to serve the Gallingers, necessary parties, at their proper address, as specified by the court in the order to show cause, warranted dismissal of the proceeding.

In light of this determination, the petitioners' remaining contention is academic. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.