■ In the Matter of ROBERT MASTER et al., Appellants, v CHARLES J. POHANKA III et al., Respondents, et al., Respondents. [844 NYS2d 311]—

In a proceeding pursuant to Election Law § 16-102, inter alia, in effect, to invalidate certain so-called Wilson-Pakula certificates (see Election Law § 6-120 [3]) issued by the Suffolk County Working Families Party Executive Committee authorizing

certain persons who were not enrolled as members of the Working Families Party to appear as candidates on the ballot in a primary election to be held on September 18, 2007 and a general election to be held on November 6, 2007, the petitioners appeal from a final order of the Supreme Court, Suffolk County (Mackenzie, J.), dated August 6, 2007, which granted the motion of Charles J. Pohanka III, Donna Lent, the Suffolk County Working Families Party Executive Committee, the Suffolk County Working Families Party County Committee, Cameron Alden, Edward P. Romaine, Thomas Muratore, Irene L. D'Abramo, Daniel P. Losquadro, Kathleen A. Walsh, Timothy P. Mazzei, Keith Romaine, Martin Haley, Jo-Ann Raia, Clara E. Datre, Virginia E. Allen, John Schettino, Tom R. Finlay, Patrick Skip Heaney, Theresa A. Kiernan, Daniel A. Russo, Frederick Havemeyer, Charles W. Seaman, Jon S. Semlear, Eric L. Schultz, and Edward J. Warner, Jr., to dismiss the proceeding pursuant to CPLR 3211 (a) (8) and (10) and Election Law § 16-102 (2) based on the petitioners' alleged failure to name and join necessary parties, failure to strictly comply with the service provisions of the order to show cause, and failure to timely commence the proceeding, and thereupon dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the motion is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the petition in accordance herewith.

"A failure to join a necessary party to an election law proceeding requires dismissal of a petition" (*Matter of Quis v Putnam County Bd. of Elections*, 22 AD3d 585, 586 [2005]). The Supreme Court improperly determined that four individuals, not named or joined in this proceeding, were necessary parties. Under the particular circumstances presented, these individuals were not necessary parties within the meaning of CPLR 1001 (a). Their candidacies would not be affected by any final order here, and their rights were not inextricably interwoven with those of any of the parties (*cf. Matter of Fatone v Board of Elections of County of Rensselaer*, 218 AD2d 913, 914 [1995]) since their candidacies were authorized by both the state and county committees and their names will thus remain on the ballot regardless of the outcome of this proceeding. Furthermore, their interests will not be inequitably affected in any other way (*see* CPLR 1001 [a]). Accordingly, the Supreme Court improperly granted the motion to dismiss the proceeding on the ground that these individuals were necessary parties who had not been named or joined in this proceeding.

With regard to the moving respondents' claim that several respondents were not properly served, "[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]). Here, the order to show cause provided that service upon all of the respondents other than the Suffolk County Board of Elections and its Commissioners was to be effectuated, in the alternative, by personal service of the order to show cause and supporting papers on or before July 27, 2007, by delivering a copy thereof to a person of suitable age and discretion at each respondent's residence and mailing copies on or before July 27, 2007, or by affixing a copy thereof to the door of said residence and mailing a copy to each respondent on or before July 27, 2007. "Since the manner of service, as authorized in the order to show cause, was stated in the alternative, the petitioner[s'] use of 'nail and mail' service . . . was proper and in compliance with the order to show cause" (*Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 1010-1011 [2003]; *compare Matter of Hennessey v DiCarlo, supra* at 505-506).

The moving respondents' contentions regarding the remaining grounds set forth in support of the motion to dismiss the proceeding are without merit. Crane, J.P., Krausman, Goldstein, Florio and McCarthy, JJ., concur.