■ In the Matter of EDWARD MCGRATH, Appellant, v JOEL E. ABELOVE, Respondent, et al., Respondents. [928 NYS2d 405]—

Per Curiam.

On July 11, 2011, the New York State Committee of respondent Independence Party of New York (hereinafter the State Committee) adopted a resolution delegating to its State Executive Committee the power to, among other things, issue certificates of authorization, commonly known as Wilson-Pakula authorizations,[1] to fill vacancies for public office in Rensselaer County. Pursuant to that resolution, the State Executive Com-

1. Wilson-Pakula authorizations permit a political party to designate or nominate as its candidate for public office an individual who is not an enrolled member of its party (*see* Election Law § 6-120 [3]).

mittee met on July 16, 2011 and issued a Wilson-Pakula authorization designating, insofar as is relevant to this proceeding, Richard J. McNally as the Independence Party candidate for the office of Rensselaer County District Attorney in the September 13, 2011 primary election.[2] In the interim, on July 13, 2011, the Rensselaer County Independence Party Executive Committee (hereinafter the County Executive Committee) issued its own Wilson-Pakula authorization, which, among other things, designated respondent Joel E. Abelove as the Independence Party candidate for District Attorney.

Petitioner, an enrolled member of the Independence Party, thereafter filed objections and specifications to the County Executive Committee's authorization with respondent Rensselaer County Board of Elections and, when no ruling was forthcoming, commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate that portion of the County Executive Committee's authorization designating Abelove as a candidate and, further, to validate the State Executive Committee's authorization designating McNally as a candidate. Supreme Court dismissed the proceeding, sua sponte, based upon petitioner's failure to join McNally as a necessary party, and this appeal by petitioner ensued.

We affirm. The dispute here ultimately centers upon which entity—the County Executive Committee or the State Executive Committee—was empowered to issue the subject authorization in the first instance (*see* Election Law § 6-120 [3]; Rules of NY State Comm of Independence Party, art VI, § 11 [b]). As a resolution of that issue on the merits could result in the invalidation of the State Executive Committee's authorization and, hence, McNally's removal from the ballot, we agree with Supreme Court that this proceeding must be dismissed based upon petitioner's failure to join McNally as a necessary party (*see* CPLR 1001 [a]; *cf. Matter of Fatone v Board of Elections of County of Rensselaer*, 218 AD2d 913, 914 [1995]; *compare Matter of Master v Davis*, 65 AD3d 646, 647 [2009], *lv denied* 13 NY3d 701 [2009]; *Matter of Master v Pohanka*, 43 AD3d 478, 479 [2007]). In light of this conclusion, we need not address the remaining argument raised by petitioner.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

2. The State Executive Committee's authorization also designates McNally as the Independence Party candidate for such office in the November 8, 2011 general election.