■ In the Matter of FRANK W. STRENG, Respondent, v Westchester County Board of Elections, Respondent, and BRANDON R. SALL, Appellant. (Proceeding Nos. 1 and 3.) In the Matter of FRANK W. STRENG et al., Respondents, v WESTCHESTER COUNTY BOARD OF ELECTIONS, Respondent, and BRANDON R. SALL, Appellant. (Proceeding No. 2.) [15 NYS3d 433]—

In related proceedings pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Brandon R. Sall as a candidate in a primary election to be held on September 10, 2015, for the nominations of the Independence Party and the Working Families Party as their candidate for the public office of Surrogate, County of Westchester, Brandon R. Sall appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated July 31, 2015, which denied his motions to dismiss the petitions to invalidate the designating petitions based upon the petitioners' alleged failure to strictly comply with the service provisions of the subject orders to show cause.

Ordered that the order is affirmed, without costs or disbursements.

The petitioners commenced these proceedings to invalidate petitions designating Brandon R. Sall as a candidate in a primary election to be held on September 10, 2015, for the nominations of the Independence Party and the Working Families Party as their candidate for the public office of Surrogate, County of Westchester. Sall moved to dismiss the petitions to invalidate the designating petitions, contending that the petitioners failed to strictly comply with the service provisions set forth in the orders to show cause that initiated the proceedings, and that the method of service directed in the orders to show cause was not reasonably calculated to give notice to the necessary parties within the statutory time period. The Supreme Court denied the motions, and Sall appeals.

In a proceeding pursuant to Election Law § 16-102, "[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]; *see Matter of Nunziato v Messano*, 87 AD3d 647, 647 [2011]; *Matter of Del Villar v Vekiarelis*, 59 AD3d 642 [2009]; *Matter of Master v Pohanka*, 43 AD3d 478 [2007]). Here, the orders to show cause provided for service upon Sall to be made by personal delivery, or a combination of any two of the following three methods: (1) mailing a copy, no later than July 23, 2015, to Sall's residence by United States Postal Service (hereinafter USPS) guaranteed overnight delivery or an equivalent delivery service, (2) affixing a copy to the outer or inner door of Sall's residence by July 23, 2015, or (3) delivering a copy to a person of suitable age and discretion at Sall's residence by July 23, 2015. It is undisputed that, pursuant to Election Law § 16-102 (2), the last day to timely commence these proceedings was July 23, 2015. In an affirmation of service, the petitioners' attorney stated that he went to Sall's residence on July 22, 2015, and delivered the papers to Sall's 18-year-old stepdaughter. On July 23, 2015, he mailed a copy of the papers to Sall's residence by USPS guaranteed overnight delivery.

Since the manner of service, as authorized in the orders to show cause, was stated in the alternative, delivery of the papers to Sall's stepdaughter at Sall's residence, and then mailing the papers by USPS guaranteed overnight delivery on the last day on which the instant proceedings could be commenced pursuant to Election Law § 16-102 (2), was proper service and in compliance with the orders to show cause (*see Matter of Master v Pohanka*, 43 AD3d at 480; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010, 1010 [2003]). Sall does not dispute that the petitions were delivered to his stepdaughter at his residence on July 22, 2015, and mailed by USPS guaranteed overnight delivery postmarked on July 23, 2015. As the orders to show cause and the supporting papers were timely served on a person of suitable age and discretion at Sall's dwelling place, the fact that the mailed copies were not received by July 23, 2015, was not a jurisdictional defect (*see Matter of Weill v Erickson*, 49 AD2d 895, 897 [1975], *affd* 37 NY2d 851 [1975]). As such, contrary to Sall's contention, the method of service directed in the orders to show cause was reasonably calculated to give notice to the necessary parties within the statutory time period (*see Matter of Henry v Trotto*, 54 AD3d 424, 425 [2008]; *Marcoccia v Garfinkle*, 307 AD2d at 1011; *cf. Matter of Contessa v McCarthy*, 40 NY2d 890, 891 [1976]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied Sall's motions to dismiss the petitions to invalidate based upon the petitioners' alleged failure to strictly comply with the service provisions of the orders to show cause. Leventhal, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.