| **Friedman v Friedman** |
|:---:|
| 2024 NY Slip Op 32167(U) |
| June 26, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 504754/2024 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 26th day of June 2024

HONORABLE FRANCOIS A. RIVERA

-------------------------------------------------------------------X

JOEL FRIEDMAN

                        Plaintiff,

            - against -

ABRAHAM FRIEDMAN

                    Defendant.

----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 504754/2024

Ms. 1 & 3

Recitation in accordance with CPLR 2219 (a) of the papers considered on order to show cause filed on March 7, 2024, under motion sequence number one, by Joel Friedman (hereinafter plaintiff) for an order pursuant to CPLR 2308 (b) directing nonparty Gary Snitow to comply with the subpoena issued on February 20, 2024 and to produce the settlement agreement between Joel and Abraham Friedman that he holds as an escrow agent. This motion is opposed.

-Order to show cause
-Memorandum of law in support
-Affirmation in support
        Exhibits A-F
-Affirmation in opposition
        Exhibit 1
-Affirmation in opposition and in support of cross-motion[1]
        Exhibits 1-14
-Affidavit in opposition and in support of cross motion
        Exhibits 1-4
- Memorandum of law in opposition and in support of cross-motion

---

[1] The cross-motion filed by defendant was also opposition to the order to show cause filed by the plaintiff.

[* 1]

-Affirmation in support[2]
    Exhibit 1

    Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of cross-motion filed on April 13, 2024, under motion sequence number three, by Abraham Friedman (hereinafter defendant) for an order pursuant to CPLR 2304 quashing the February 20, 2024 subpoena to nonparty Gary Snitow and pursuant to CPLR 3103 issuing a protective order as to the subpoena. This motion was unopposed.[3]

-Notice of cross-motion
-Affirmation in support and in opposition to plaintiff's motion
    Exhibit 1
-Affirmation in support and in opposition to plaintiff's motion
-Affirmation in support and in opposition to plaintiff's motion
    Exhibits 1-14
-Affidavit in support and in opposition to plaintiff's motion
    Exhibits 1-4
-Memorandum of law in support and in opposition to plaintiff's motion

## BACKGROUND

The original order to show cause under motion sequence number one required "personal service" of a copy of the order and papers upon which it is based, be made upon defendant by and through his counsel and on nonparty Gary Snitow on or before April 1, 2024. Plaintiff did not file proof of service of the order to show cause.

On May 6, 2024, the Court issued an order directing plaintiff to file an affirmation of service on the order to show cause on nonparty Gary Snitow with the NYSCEF system by Wednesday, June 12, 2024 and cautioned that failure to do so would result in the motion being denied. The defendant's cross-motion under motion sequence number three

---

[2] This is designated as "Affirmation of Velvel (Devin) Freedman Confirming Mr. Snitow Was Timely Served." The Court notes that Velvel (Devin) Freedman is plaintiff's counsel.

[3] Although plaintiff's attorney stated he "opposed" the cross-motion, he stated in open court on April 16, 2024 that he did not need additional time to file opposition and that he was ready to proceed with oral argument. He further indicated that the order to show cause adequately addressed the cross-motion.

[* 2]

was stayed pending the determination on the order to show cause under motion sequence number one.

On May 7, 2024, plaintiff filed a document designated as "Affirmation of Velvel (Devin) Freedman Confirming Mr. Snitow Was Timely Served" (hereinafter affirmation of plaintiff's counsel) along with exhibit 1. The affirmation of plaintiff's counsel alleges the following salient facts. On March 7, 2024, plaintiff's counsel emailed nonparty attorney Gary Snitow advising him that the "Court has ordered us to personally serve you" with the order to show cause and its supporting papers asking if Gary Snitow would "prefer accepting service of all papers via email." The order to show cause and its supporting papers were attached to that email. Plaintiff's counsel then spoke with Gary Snitow on the phone and was asked by Gary Snitow not to send a process server, that he would prefer to accept service via email, and that he should be sent an acknowledgement of service to execute. On March 12, 2024, Gary Snitow returned the executed acknowledgement of service to plaintiff's counsel confirming he was served with the order to show cause marked NYSCEF No. 25 and all supporting papers on March 7, 2023.

Plaintiff's counsel attached nonparty Gary Snitow's acknowledgment of service as exhibit 1 (hereinafter the Snitow acknowledgment). Exhibit 1 is designated as "Acknowledgment of Service" and states the following: "I am a Non-Party in this case. I hereby acknowledge that I was served with the Order to Show Cause marked NYSCEF No. 25 and all supporting papers on March 7, 2024." Below this statement is a signature line that includes a typed signature of Gary S. Snitow under the typed name of Gary S.

[* 3]

Snitow, Esq. In the middle left side of the page, in a miniscule font, is the following string of characters: 4894-0181-7005, v. 1.

## LAW AND APPLICATION

As a threshold matter, the Court must determine whether the Court has personal jurisdiction over the order to show cause.

"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (*Hennessey v DiCarlo*, 21 AD3d 505 [2d Dept 2005], quoting *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010 [2d Dept 2003]). Here, the signed order to show cause required "personal service" on nonparty Gary Snitow on or before April 1, 2024.

Personal service upon a natural person is governed by CPLR 308. "Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308" (*Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2d Dept 2015], quoting *Estate of Waterman v Jones*, 46 AD3d 63, 65 [2d Dept 2007], quoting *Macchia v. Russo*, 67 NY2d 592, 594 [1986]). "CPLR 308 sets forth the different ways in which service of process upon an individual can be effected in order for the court to obtain jurisdiction over that person" (*Washington Mut. Bank v Murphy*, 127 AD3d 1167, 1174 [2d Dept 2015]). Here, by Plaintiff's counsel's own affirmation, after consulting with nonparty Gary Snitow, plaintiff relied upon service via email, which is not one of the prescribed methods of service under CPLR 308 and is contrary to the explicit direction of the Court in the signed order to show cause.

[* 4]

The Snitow acknowledgment is neither an affirmation nor an affidavit. It is not subscribed nor affirmed as true under penalties of perjury. Also, the line for signature is typed without anything to support its authenticity or that it was signed by nonparty Gary Snitow. Moreover, nonparty Gary Snitow has neither appeared in the instant action nor on the return date of the underlying motion. Under these circumstances, the Snitow acknowledgement included by counsel does not relieve plaintiff of following the Court's strict directive to serve nonparty Gary Snitow by personal service.

Therefore, due to failure to comply with service requirements in the signed order to show cause, the Court did not obtain jurisdiction over the motion or over nonparty Gary Snitow. As such, the order to show cause under motion sequence number one is denied.

Inasmuch as the Court did not obtain jurisdiction over the plaintiff's order to show cause, the defendant's cross-motion under motion sequence number three seeking certain relief in opposition to plaintiff's motion, is hereby rendered academic.

**CONCLUSION**

The motion of plaintiff Joel Friedman for an order pursuant to CPLR 2308 (b) directing nonparty Gary Snitow to comply with the subpoena issued on February 20, 2024 and to produce the settlement agreement between Joel and Abraham Friedman that he holds as an escrow agent is denied.

[* 5]

The motion of defendant Abraham Friedman for an order pursuant to CPLR 2304 quashing the February 20, 2024 subpoena to nonparty Gary Snitow and pursuant to CPLR 3103 issuing a protective order as to the subpoena is denied as academic.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____

François A. Rivera

J.S.C.

[* 6]