■ In the Matter of JAMES B. CARROLL et al., Respondents, v MARTIN DILAN et al., Appellants, et al., Respondents. In the Matter of MARTIN DILAN et al., Appellants v THOMAS R. FORTUNE et al., Respondents.—In a proceeding to (1) invalidate petitions designating appellants Martin Dilan *et al.* as candidates in the Democratic Party primary election to be held on April 6, 1976 for the party positions of State Committeemen and County Committeemen in the 55th Assembly District, Kings County, and (2) validate the said petitions, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Kings County, dated March 19, 1976, as invalidated the petitions of appellant Martin Dilan and the petitions of certain candidates for the party positions of County Committeemen. Judgment reversed, insofar as appealed from, on the law and the facts, without costs or disbursements, and the petitions in question are validated. The alleged impropriety of appellant Dilan in acting as a volunteer Republican registrar in 1972 did not invalidate the registrations witnessed by him at that time; nor the party enrollments of such registrants (cf. *Matter of Celler v Larkin,* 71 Misc 2d 17, affd 40 AD2d 603, affd 31 NY2d 658). Therefore John L. Hicks and Debra Hicks are deemed to have been duly registered and enrolled in the Democratic Party and could properly act in 1976 as subscribing witnesses as to the nominating petitions involved herein. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

## (March 25, 1976)

■ In the Matter of RICHARD BRUNO, Respondent, v ARTHUR ACKERSON et al., Constituting the Board of Elections of the County of Rockland, Respondents, and IRVING H. GREENWALD, Appellant.—In a proceeding to invalidate petitions designating appellant Irving H. Greenwald as a candidate in the Republican Party primary election to be held on April 6, 1976 for the party position of State Committeeman in the 95th Assembly District, Rockland County, the appeal, as limited by appellant's note of issue, is from an order of the Supreme Court, Rockland County, dated March 15, 1976, which denied appellant's cross motion to dismiss the proceeding as untimely and for lack of jurisdiction. Order reversed, on the law, without costs or disbursements, and cross motion granted. The findings of fact are affirmed. The order to show cause and supporting papers which commenced the instant proceeding provided, *inter alia,* for service upon the appellant by (1) placing the said papers in the mail, and (2) affixing the order to show cause to the outer door of appellant's residence, both to be done on or before March 4, 1976. Petitioner mailed the papers on March 4, 1976. However, instead of affixing the order to show cause to the outer door of appellant's residence as required by the terms of the order to show cause, petitioner had it personally delivered to appellant's wife at appellant's residence. While it can be argued that the latter method of service utilized by petitioner was a better mode of service (see CPLR 308, subd 2), the mode of service provided for in the order to show cause was jurisdictional in nature, and must be complied with (see Election Law, § 335). Accordingly, appellant's cross motion to dismiss this proceeding for lack of jurisdiction should have been granted. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Hawkins, JJ., concur.