■ In the Matter of EDWARD J. KILEY, Respondent, v FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and NEIL GREENE, Appellant.—In a proceeding, *inter alia,* to validate a petition designating petitioner, Edward J. Kiley, as a candidate in the Conservative Party primary election to be held on September 9, 1980, for the public office of District Court Judge, First District (which should have read Second District), Town of Babylon, the appeal is from a judgment of the Supreme Court, Suffolk County, dated August 15, 1980, which, *inter alia,* granted the application. Judgment reversed, on the law and the facts, without costs or disbursements, proceeding dismissed and the Board of Elections is directed to remove the name of the petitioner from the appropriate ballot. Petitioner's designating petition for the office of District Court Judge was declared invalid at the August 5, 1980 special meeting of the Suffolk County Board of Elections. By order to show cause, the petitioner thereafter commenced this proceeding to validate the designating petition, and the appellant-objector, Neil Greene, interposed a jurisdictional objection on the ground that service of the order to show cause and supporting papers had not been made upon him in strict compliance with the service provisions of said order to show cause. Service was effected by affixation of the papers to the door of the objector's residence as described by address in the order to show cause, and by a mailing of the papers to that address. The copy affixed to the objector's door was removed and was personally handed to his wife when she appeared. We note that there is no requirement that affixation of the order to show cause and supporting documentation continue for a specified length of time. We agree with Trial Term that removal of the papers and their delivery to Mrs. Greene served merely to accommodate her and served no other purpose. Service thus was effected in strict compliance with one of the alternate means specified in the order to show cause when both the mailing and the affixation had occurred (see *Matter of Bruno v Ackerson,* 51 AD2d 1051). However, we find that Trial Term erred in failing to rule upon the question of the validity of the designating petition. The petitioner seeks a candidacy for the office of District Court Judge from the Second District, Town of Babylon, for which a vacancy exists. The designating petition consistently specified a judgeship in the First District, for which no vacancy exists. This error sufficed to invalidate the designating petition (see *Matter of Roland v Toepfer,* 64 AD2d 963). Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.