■ In the Matter of MARK ZARETSKI et al., Respondents, v HENRY G. TUTUNJIAN, as Commissioner of the Rensselaer County Board of Elections, et al., Appellants, et al., Respondent.—Per Curiam. Appeal from a judgment of the Supreme Court (Travers, J.), entered October 13, 1987 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming respondent William Saunders as the Independent Taxpayers candidate for the office of Town Supervisor, Town of Schaghticoke, in the November 3, 1987 general election.

On August 18, 1987, an independent nominating petition was filed with the Rensselaer County Board of Elections naming respondent William Saunders as the Independent Taxpayers candidate for the office of Town Supervisor, Town of Schaghticoke. Petitioners, Mark Zaretski, the Democratic Party incumbent and candidate for the office at issue, and Maveret Daigle, Town Chairperson of the Democratic Committee of the Town of Schaghticoke, filed specific objections to the nominating petition with the Board on August 27, 1987. On August 31, 1987, respondents Henry G. Tutunjian and Thomas W. Wade, Commissioners of the Board, ruled on the objections, with Wade voting to invalidate the petition and Tutunjian voting to sustain it. This stalemate effectively served to validate the nominating petition.

Petitioners, by order to show cause obtained August 31, 1987, commenced the instant proceeding pursuant to Election Law § 16-102 to invalidate the nominating petition. By its terms, the order to show cause directed that service by "any method allowed by CPLR 308 be deemed good and sufficient service if made by 12:00 midnight on September 1, 1987 upon the respondents". The service date of September 1, 1987 corresponded to the 14-day limitations period set forth in

Election Law § 16-102 (2). Petitioners attempted to serve Saunders pursuant to CPLR 308 (2). The order to show cause and petition were delivered to Saunders' home and service was made upon his daughter on September 1, 1987, but copies of the papers were not mailed to Saunders until September 2, 1987, one day after the time limit specified in the order to show cause and mandated by the Election Law.

To complete service, petitioners were required to effectuate the two-step procedure set forth in CPLR 308 (2), by both delivery *and* mailing, by September 1, 1987. The failure to do so rendered the service ineffective *(see, Furey v Milgrom,* 44 AD2d 91, 92-93, *lv denied* 34 NY2d 517; Siegel, NY Prac § 72, at 78). Since petitioners failed to comply with the provisions for service specified in the order to show cause and failed to commence this proceeding within the 14-day period, the petition must be dismissed as untimely *(see, Matter of Sorli v Coveney,* 51 NY2d 713, 714; *Matter of Thompson v Wallace,* 45 NY2d 803, 804; *Matter of Bruno v Peyser,* 40 NY2d 827, 828; *Matter of Bruno v Ackerson,* 51 AD2d 1051, *affd* 39 NY2d 718).

We do not agree with Supreme Court's determination that delivery of the order to show cause and petition to the Rensselaer County Sheriff's Department for service upon certain respondents served to extend the Statute of Limitations in this matter by 60 days pursuant to CPLR 203 (b) (5). This statutory extension provision relates to a "claim in complaint", not a special proceeding. Moreover, statutory time limits for specific special proceedings should prevail over general statutory provisions *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C403:1, at 496). As indicated, Election Law § 16-102 (2) specifically requires the commencement of a proceeding to invalidate within the 14-day period *(see, Matter of Thompson v Wallace, supra).* To tack on a 60-day extension to this 14-day Statute of Limitations seems incongruous and is inconsistent with the legislative recognition that judicial review must be achieved expeditiously in order to be effective *(see, Matter of Pell v Coveney,* 37 NY2d 494, 495).

Since the petition must be dismissed as untimely, we need not address any other issue.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.