■ In the Matter of ALLAN M. SMITH, Appellant, v HENRY G. TUTUNJIAN et al., Constituting the Rensselaer County

Board of Elections, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court (Travers, J.), entered October 4, 1989 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming various respondents as the Party for Progress candidates for various public offices in the Town of Nassau in the November 7, 1989 general election.

Petitioner brought this proceeding to invalidate the independent nominating petition of respondents Robert J. Whitney, Sr., Gordon E. Evans, John H. Culberson, Jr., and Robert Young as the Party for Progress candidates for various public offices in the Town of Nassau, Rensselaer County. The order to show cause provided service upon respondents Henry G. Tutunjian and Thomas M. Wade, the Commissioners of the Rensselaer County Board of Elections, "by personal service upon either of them" on or before midnight on September 5, 1989. Supreme Court dismissed the petition on the ground that there was lack of service upon Tutunjian and Wade and, hence, petitioner did not refute respondents' affirmative defense of lack of jurisdiction over Tutunjian and Wade, necessary parties to this proceeding. Petitioner has appealed.

We affirm. Supreme Court was technically incorrect in stating that there was no proof of service on Tutunjian, since the backer to the order to show cause contains an admission of service by him on September 5, 1989, dated September 18, 1989. Nevertheless, there apparently is no question, as conceded in petitioner's brief on appeal, that petitioner's process server in fact delivered the order to show cause to Tutunjian's wife in his absence and that, subsequently that evening, she in turn gave it to him. The law is well settled that this procedure was not sufficient to effect personal service upon Tutunjian under CPLR 308 (1) (see, Macchia v Russo, 67 NY2d 592, 594; McDonald v Ames Supply Co., 22 NY2d 111, 114-115). Nor was there any proof submitted that, having left the papers with Tutunjian's wife, the process server completed service under CPLR 308 (2) by mailing them to Tutunjian (see, Matter of Zaretski v Tutunjian, 133 AD2d 928, 929). Thus, Supreme Court correctly concluded that valid service on Tutunjian and Wade had not been made in accordance with the directions of the order to show cause (see, supra, at 929).

In view of the concessions by petitioner on the actual manner of service, Tutunjian's admission of service can only be construed either as a forthright admission that he, in fact, received the papers from his wife and thereby came into

possession of them, or that he was voluntarily submitting himself to the jurisdiction of Supreme Court in this proceeding. As to the former, the fact that he ultimately received process by this method is insufficient to constitute valid service *(see, Macchia v Russo, supra; McDonald v Ames Supply Co., supra).* As to the latter, Tutunjian lacked authority to submit to jurisdiction on behalf of Wade when service had not been made as provided in the order to show cause. Petitioner's assertion that the manner of service was pursuant to the prior agreement of Tutunjian, his wife and petitioner's process server is not supported by any proof in the record. Hence, we need not consider whether the existence of any such agreement would change the result.

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.