(June 17, 2003)

■ In the Matter of JAYNE A. PHILLIPS, Respondent, v SHIRLEY A. SANFILIPPO, as Jamestown City Clerk, Appellant, et al., Respondents. [761 NYS2d 574] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered June 3, 2003, which, inter alia, granted the petition and invalidated a referendum petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Pursuant to Local Law No. 3 (2003) of the City of Jamestown (City), adopted by the City Council and subsequently approved by the Mayor on February 13, 2003, the boundaries of the election wards in the City were redrawn. A petition was timely filed pursuant to Municipal Home Rule Law § 24 (1) (a), seeking a permissive referendum on Local Law No. 3. On April 30, 2003, respondent Shirley A. Sanfilippo, City Clerk, certified to the City Council that the referendum petition complied with all lawful requirements.

On May 5, 2003, pursuant to Municipal Home Rule Law § 24 (1) (a) and Election Law § 16-116, petitioner commenced this proceeding by order to show cause and verified petition, alleging that the referendum petition did not comply with all lawful requirements and that Sanfilippo should not have certified that it did comply. Pursuant to the order to show cause, both the order itself and the verified petition were to be served in accordance with CPLR article 3 by 5:00 P.M. on May 6, 2003. Petitioner served Sanfilippo pursuant to CPLR 308 (2) by leaving a copy of the papers with an employee at the City Clerk's

office on May 5, 2003 but mailed the papers to Sanfilippo's last known address on May 7, 2003.

Supreme Court erred in granting the verified petition. In her answer to that petition, Sanfilippo asserted as a first affirmative defense that the court lacked personal jurisdiction over her because she was not served in accordance with the terms of the order to show cause. In its written decision, the court, inter alia, determined that Sanfilippo's first affirmative defense lacked merit because petitioner had complied with CPLR 308 (2). That was error. The dispositive issue with respect to Sanfilippo's first affirmative defense was not whether petitioner had complied with CPLR 308 (2), but whether petitioner had complied with the terms of the order to show cause, and we conclude that petitioner failed to do so. Pursuant to the terms of the order to show cause, petitioner was required to deliver and mail the order itself and the verified petition by 5:00 P.M. on May 6, 2003. It is undisputed that the papers were not mailed to Sanfilippo's last known address until May 7th, and thus petitioner failed to comply with the terms of the order to show cause (see Matter of Zaretski v Tutunjian, 133 AD2d 928, 929 [1987]). The court therefore lacked personal jurisdiction over Sanfilippo, and the verified petition should have been dismissed against her based on her first affirmative defense (see Matter of Sorli v Coveney, 51 NY2d 713, 714 [1980]; Matter of Bruno v Ackerson, 39 NY2d 718, [1976], affg 51 AD2d 1051 [1976]; Matter of Gold v Lasher, 230 AD2d 873 [1996]).

Sanfilippo is a necessary party because petitioner herein challenges Sanfilippo's certification that the referendum petition complied with "all the requirements of law" (Municipal Home Rule Law § 24 [1] [a]). Thus, we further conclude that, because the proceeding cannot be maintained without Sanfilippo as a party (see generally CPLR 1001, 1003), the verified petition must be dismissed in its entirety, even in the absence of an appeal by the remaining respondents (see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110 [1984]).

In light of our determination, we do not reach the remaining contentions raised on appeal. Present—Pigott, Jr., P.J., Pine, Scudder, Kehoe and Gorski, JJ.