In the Matter of EL GRECO SOCIETY OF VISUAL ARTS, INC., Appellant, v NIKOLAOS DIAMANTIDIS et al., Respondents. [852 NYS2d 165]—

In a proceeding pursuant to Not-For-Profit Corporation Law § 618 to set aside the results of an election held on June 4, 2006, for the Board of Directors of the Federation of Hellenic American Societies of Greater New York, Inc., the petitioner appeals from a judgment of the Supreme Court, Queens County (Grays, J.), dated November 20, 2006, which dismissed the proceeding for lack of personal jurisdiction.

Ordered that the judgment is affirmed, with costs.

The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (*see Matter of Hennessey v DiCarlo*, 21 AD3d 505 [2005]; *Matter of Marcoccia v Garfinkle*, 307 AD2d 1010 [2003]). Moreover, where the court orders service by a particular date, all components of service must be accomplished by that date (*see Matter of Sorli v Coveney*, 51 NY2d 713, 714 [1980]; *Matter of Phillips v Sanfilippo*, 306 AD2d 954, 955 [2003]; *Matter of Zaretski v Tutunjian*, 133 AD2d 928, 929 [1987]).

The Supreme Court properly determined that the petitioner failed to serve the respondent John Goros in compliance with CPLR 308 (2). Although the affirmation of service indicated ser-

vice upon a person of suitable age and discretion, it stated that service was made at the offices of the respondent Federation of Hellenic American Societies of Greater New York, Inc. (hereinafter the Federation) where "JOHN GOROS discharges the functions of a member of the Board of Directors of [the Federation], and upon information and belief usually resides (sleeps)" and identified the location as "serving as the actual residence of Mr. Goros." Nowhere in the affirmation of service is it stated that the Federation's offices were the "usual place of abode" or "dwelling place" for Goros. Moreover, this statement, based upon information and belief, failed to indicate the requisite permanence and stability as defined by the terms "actual dwelling place" and "usual place of abode" (*see Bernardo v Barrett*, 87 AD2d 832 [1982], *affd* 57 NY2d 1006 [1982]; *see also Burkhardt v Cuccuzza*, 81 AD2d 821 [1981]). Accordingly, the affirmation of service did not constitute prima facie evidence that service was properly effected at Goros's "dwelling place" or "usual place of abode."

Moreover, the order to show cause ordered the petitioner to serve the individual respondents pursuant to CPLR 308 on or before June 30, 2006. According to the affirmation of service submitted by the petitioner's attorney, who purported to serve Goros pursuant to CPLR 308 (2), the attorney delivered the required papers to a person of suitable age and discretion on June 30, 2006, but mailed a copy of these papers on July 5, 2006, five days after the court's deadline for completing service. Consequently, service was not properly or timely completed in compliance with the provisions of the order to show cause and the proceeding was properly dismissed (*see Matter of Phillips v Sanfilippo*, 306 AD2d at 955).

The petitioner's remaining contentions are without merit. Mastro, J.P., Santucci, Lifson and Covello, JJ., concur.