In the Matter of EMMA SHARMA, Respondent, v ROBERT NEW, Appellant. [929 NYS2d 766]—

In March 2010 the mother filed a petition and order to show cause to modify the overnight visitation provisions contained in an order dated January 14, 2010, alleging that the father violated that order by taking the subject child "to a different hotel than the one . . . which he informed [the social worker] he would be using." In an order dated July 9, 2010, the Family Court, inter alia, granted the mother's petition so as to suspend the father's overnight visitation. We reverse the order dated July 9, 2010, insofar as appealed from.

" 'The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with' " (*Matter of Theodore T. [Charles T.]*, 78 AD3d 955, 956-957 [2010], quoting *Matter of Hennessey v DiCarlo*, 21 AD3d 505, 505 [2005]; *see Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d 929, 929 [2008]). "Moreover, where the court orders service by a particular date, all components of service must be accomplished by that date" (*Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d at 929; *see Matter of Sorli v Coveney*, 51 NY2d 713, 714 [1980]; *Matter of*

*Phillips v Sanfilippo*, 306 AD2d 954, 955 [2003]). Here, the record does not contain any evidence establishing that the father was properly or timely served in compliance with the provisions of the order to show cause (*cf. Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis*, 47 AD3d at 929; *Laurenzano v Laurenzano*, 222 AD2d 560, 560-561 [1995]). Moreover, contrary to the contention of the attorney for the child, the father asserted the defense of lack of personal jurisdiction in his answer and did not waive the defense (*see* CPLR 3211 [e]; *see also 115 Austin Ave, LLC v City of Yonkers*, 37 AD3d 684 [2007]; *cf. Matter of Ciampi v Sgueglia*, 252 AD2d 755, 757 [1998]). Since personal jurisdiction was not obtained, the Family Court should have dismissed the proceeding (*see Matter of Phillips v Sanfilippo*, 306 AD2d at 955; *see also Matter of Sorli v Coveney*, 51 NY2d at 714; *Matter of Psyllos v Psyllos*, 21 AD3d 560 [2005]; *cf. Matter of Church v Church*, 294 AD2d 625, 625-626 [2002]).

In light of our determination, we need not reach the father's remaining contentions. Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.