Bacon v Nygard (2024 NY Slip Op 05478)

Bacon v Nygard

2024 NY Slip Op 05478

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Kapnick, J.P., Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 150400/15 Appeal No. 2993 Case No. 2023-05707 

[*1]Louis Bacon, Plaintiff-Respondent,
v
Peter Nygard, Defendant-Appellant, Nygard International Partnership et al., Defendants. 

Law Offices of Peter Sverd, PLLC, New York (Peter Sverd of counsel), for appellant.
Sidley Austin LLP, New York (Eamon P. Joyce of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 11, 2023, which denied defendant's motion to vacate an order awarding summary judgment to plaintiff Bacon and a related order of the Special Referee awarding plaintiff more than $200 million in damages on his defamation claims, unanimously reversed, on the law, without costs, the motion to vacate the orders granted, and the matter remanded for further proceedings.
"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis, 47 AD3d 929, 929 [2d Dept 2008]). "The failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders the resulting order void" (Citimortgage, Inc. v Reese, 162 AD3d 847, 848 [2d Dept 2018]; see Newrez LLC v Morton, 212 AD3d 528, 529 [1st Dept 2023]).
The order granting plaintiff summary judgment on his claims without opposition submitted by defendant and the related Special Referee order awarding damages are vacated. Defendant affirmed that he did not know of, or have access to, the summary judgment motion hand-delivered and served by plaintiff's process server on a receptionist at the prison where defendant is incarcerated until after the order granting summary judgment was entered. Plaintiff's service on the prison employee who assured that the motion would be given to plaintiff did not satisfy the court's order to show cause approving alternative means of service that were applicable to the service of legal papers on the incarcerated defendant, and which required plaintiff to obtain at least some evidence from the prison that the served documents had, in fact, been delivered to the prisoner. The presumption of effective service arising from a valid affidavit of a process server does not apply here. The court approved an alternative means of service on the defendant incarcerated in a foreign prison, and plaintiff failed to comply. Therefore, defendant's unrebutted claim that he did not receive the motion is not conclusory and requires vacatur of the default.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024