Capytal.com v Mumphrey Transp. LLC (2025 NY Slip Op 50016(U))

[*1]

Capytal.com v Mumphrey Transp. LLC

2025 NY Slip Op 50016(U)

Decided on January 10, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2025
Supreme Court, Kings County

Capytal.com, Plaintiff,

against
Mumphrey Transportation LLC d/b/a Mumphrey Transportation and Annette Mumphrey, Defendants.

Index No. 514606/2023

Attorney for Plaintiff
Levi Yitzchock Ainsworth
Ainsworth Gorkin PLLC
P.O. Box 605, New York, NY 10038
212-913-0217
Attorney for Defendants
Mikhail Usher
Usher Law Group P.C.
1022 Avenue P Fl 2, Brooklyn, NY 11223
(718) 484-7510

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the order to show cause under motion sequence number two filed by Mikhail Usher, Esq. of the Usher Law Group P.C. seeking an order pursuant to CPLR 321 (b) (2) relieving them as counsel to the defendants Mumphrey Transportation LLC D/B/A Mumphrey Transportation, Mumphrey Transport, and Annette Mumphrey. The motion was unopposed.
Order to show cause
Affirmation in support
Exhibits A-B
BACKGROUND
On May 17, 2023, plaintiff Capytal.com commenced the instant action by filing a [*2]summons with notice with the Kings County Clerk's office (KCCO).
On June 8, 2023, defendants Mumphrey Transportation LLC and Annette Mumphrey [FN1]
filed a notice of appearance and a demand for a complaint through their counsel, Mikhail Usher, Esq. of the Usher Law Group P.C.
On June 20, 2023, the plaintiff filed a complaint with the KCCO.
The complaint alleges thirty-six allegations of fact in support of five denominated causes of action. The first cause of action is for breach of an agreement. The second is for breach of a guaranty. The third is for unjust enrichment. The fourth is for specific performance, The fifth is for fees, costs, and expenses.
On July 7, 2023, the defendants by their counsel, Mikhail Usher of the Usher Law Group P.C. interposed and filed a joint answer on behalf of Mumphrey Transportation LLC D/B/A Mumphrey Transportation, Mumphrey Transport, and Annette Mumphrey with the KCCO.
On October 11, 2024, the court signed and issued a temporary restraining order pending a hearing on the order to show cause. The court directed service of the order to show cause upon the plaintiff's attorneys Yeshaya Gorkin, Esq., by overnight mail and by filing on NYSCEF on or before November 15, 2024. The court directed service of the order to show cause upon the defendants by personal delivery on or before November 15, 2024. The court further directed the filing of an affidavit of service on NYSCEF on or before November 15, 2024.
LAW AND APPLICATION
CPLR 321 (b) (2) provides as follows:
An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.
Mikhail Usher, Esq. of the Usher Law Group P.C. (hereinafter Usher) moved by order to show cause and pursuant to CPLR 321 (b) (2) to be relieved as counsel for the defendants. Usher averred that the defendants no longer wanted him or his firm to represent them and that the motion was made in compliance with their wishes. Usher annexed a copy of an email and an affidavit that he sent to the defendant Annette Murphy. He requested that she, as agent of the corporate defendants, sign the affidavit and return it to him. The annexed affidavit was not signed. In fact, there was no document from any defendant reflecting that they no longer wanted the movant to be their counsel.
Assuming that the defendants were properly served with the instant motion, by neither appearing nor submitting opposition to the motion, the movant's request might still be granted without proof that defendants were consenting to the motion.
However, the movant did not comply with the method of service directed. The court directed service of the order to show cause upon the defendants by personal delivery on or before November 15, 2024. The court further directed the filing of an affidavit of service on NYSCEF on or before November 15, 2024.
NYSCEF document number 45, filed on October 21, 2024, was an affidavit of service [*3]demonstrating proper service of the instant motion upon the plaintiff through timely service of the motion on plaintiff's counsel. However, NYSCEF document 46, filed on November 19, 2024, contained three affidavits of service, none of which demonstrated proper service of the instant motion on any of the defendants.
The first affidavit of service averred service upon defendant Mumphrey Transportation LLC D/B/A Mumphrey Transportation. The process server alleged service on November 8, 2024, at 10:37 a.m. by service upon Annette Murphey, its registered agent. It further alleged service on Annette Murphy using affixing and mailing pursuant to CPLR 308 (4).
The second affidavit of service averred service upon defendant Mumphrey Transport. It alleged service on November 8, 2024, at 10:37 a.m. by service upon Annette Murphey, its owner. It further alleged service on Annette Murphy using affixing and mailing pursuant to CPLR 308 (4). 
The third affidavit of service was to defendant Annette Murphey. It alleged service on November 8, 2024, at 10:37 a.m. by service upon Annette Murphey at her residence using affixing and mailing pursuant to CPLR 308 (4).
Assuming that use of the affixing and mailing method of CPLR 308 (4) was permissible for these three defendants, service was, nevertheless, not completed on any of them until November 29, 2024, ten days after filing the affidavit of service.
"The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Sharma v New, 87 AD3d 1070, 1070 [2d Dept 2011], quoting Matter of Theodore T. [Charles T.], 78 AD3d 955, 956-957 [2d Dept 2010]). "Moreover, where the court orders service by a particular date, all components of service must be accomplished by that date" (Matter of Sharma v New, 87 AD3d 1070 [2d Dept 2011], quoting Matter of El Greco Socy. of Visual Arts, Inc. v Diamantidis, 47 AD3d 929, 929 [2d Dept 2008]). Here, the movant did not complete all components of service by the date directed by the Court. Consequently, the motion is denied without prejudice and the temporary restraining order is hereby lifted.
CONCLUSION
The order to show cause by Mikhail Usher, Esq. of the Usher Law Group P.C. for an order pursuant to CPLR 321 (b) (2) relieving them as counsel to the defendants Mumphrey Transportation LLC D/B/A Mumphrey Transportation, Mumphrey Transport and Annette Mumphrey is denied without prejudice and the temporary restraining order is lifted.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:Although the movant filed a notice of appearance and a demand for a complaint on behalf of only two of the three defendants, the movant ultimately interposed an answer on behalf of all three defendants.