Chetrit Group LLC v Huey (2026 NY Slip Op 50183(U))

[*1]

Chetrit Group LLC v Huey

2026 NY Slip Op 50183(U)

Decided on February 17, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 17, 2026
Supreme Court, Kings County

The Chetrit Group LLC, Plaintiff,

againstAliya Huey, individually, SCOTT INNIS, individually, and CROMA CRAVE d/b/a BROOKLYN EATING INC., Defendants.

Index No. 534379/2025

Lawrence J. Silberman, P.C., New York City (Lawrence J. Silberman of counsel), for plaintiff
The Virgo Law Firm, PLLC, Brooklyn (Samantha Virgo of counsel), for defendants

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: Doc Nos. 1-52, 61-71.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motions are determined as follows.IntroductionTwo motions are before the Court in this action. Motion Sequence No. 2 is a motion by Plaintiff to "reinstate[e] the Order to Show Cause previously returnable on November 6th, 2025, seeking to enjoin Defendants from continuing to unlawfully and illegally operate food and beverage services at Plaintiff's property, including, without limitation to the dispensing or sale of alcoholic beverage . . ." (NYSCEF Doc No. 28 at 1). Motion Sequence No. 3 is a motion by Defendants seeking an order "pursuant to CPLR §3211(a)(3)(7)(8) dismissing Plaintiff's Complaint in its entirety for (a) lack of personal jurisdiction due to improper service; (b) lack of standing and legal capacity to sue due to the appointment of a receiver over the Premises prior to commencement of this action; (c) dismissing all claims premised on liquor-license obligations because Plaintiff is not the licensee and lacks standing; (d) failure to state a cause of action; and (e) Granting such other and further relief as the Court deems just and proper" (NYSCEF Doc No. 44 at 1).
Background
This action was commenced on October 2, 2025, through the filing of a summons with notice. The nature of the action described in the notice included: "Preliminarily enjoining and restraining Defendants Aliya Huey, Scott Innis, and Croma Crave d/b/a Brooklyn Eating Inc.[,] its principals, partners, agents, servants, employees, and all other persons acting under it or in its behalf or on the behalf [of] Brooklyn Eating Inc, from continuing to unlawfully and illegally operating [sic] a food and beverage service on Plaintiff's property, including serving and dispensing alcoholic beverages at Plaintiff's property, which operates as Hotel Indigo Williamsburg-Brooklyn, a luxury hotel located at 500 Metropolitan Ave., Brooklyn, NY 11211" (NYSCEF Doc No. 1 at 2).
Plaintiff previously moved by order to show cause to enjoin Defendants from engaging in the conduct described in the aforesaid notice accompanying the summons. The order to show cause was signed by the Court on October 22, 2025, and was made returnable on November 6, 2025. Plaintiff failed to appear in court on November 6, 2025, and the Court denied Plaintiff's motion seeking an injunction by reason thereof and also because no proof of service of the motion papers was filed.
Movant's Contentions
According to Joseph Chetrit, the managing member of Plaintiff, "The Order to Show Cause (hereinafter 'OSC') was scheduled for a hearing on November 6th, at 9:30 A.M. at 320 Jay Street, Brooklyn, NY 11201; however, due to an administrative calendaring error, neither I nor Plaintiff's counsel appeared on the date that the OSC was denied" (NYSCEF Doc No. 22 ¶ 3). "Specifically, there was a mis-entry of the return date, which caused Plaintiff and Plaintiff's [*2]counsel to have the matter listed on an incorrect date. As a result, we were unaware that the OSC was on the Court's calendar on the date it was marked 'not attended.' " (Id. ¶ 4.) "The failure to attend the hearing was not intentional, was not the result of neglect, and occurred solely because of an administrative calendaring error" (id. ¶ 5).
Plaintiff claims that in a related action, another Justice of the Court "noted that Defendants have no right to use, rely upon, or operate under Plaintiff's liquor license" (id. ¶ 11).
Opposition to Motion & Cross-Movant's Contentions
Defendants argue that Plaintiff's effort to restore the original motion denied on November 6, 2025 should be rejected due to procedural errors, including by virtue of the fact that Joseph Chetrit lacks personal knowledge for his assertions. Also, it is asserted that Plaintiff lacks a meritorious claim. Further, Plaintiff lacks standing, argue Defendants, inasmuch as a receiver was appointed over the premises, Plaintiff does not own the premises, and Plaintiff is not the holder of the liquor license for the premises.
The instant action was part of a pattern of harassment directed against Defendants, they maintain. The premises were leased by Defendants through an agreement with Indigo Williams HM LLC to operate all food and beverage spaces at 500 Metropolitan Avenue, Brooklyn, NY, including room service for Hotel Indigo. Plaintiff now desires to have them removed from the premises. At oral argument, counsel stated that her clients are not now serving liquor on the premises.
With respect to the original order to show cause, Defendants were not served in accordance with the service provisions, claim Defendants. Numerous other errors in service were made throughout the pendency of this action.
Opposition to Cross-Motion
Plaintiff opposes Defendants' cross-motion by arguing, among other things, that the receiver lacks exclusive control over the premises liquor license and that the Defendants were properly served.
Discussion
The Court will start with the original summons with notice in this action. Service is claimed by Plaintiff to have been effectuated on Defendants Aliya Huey and Scott Innis through substituted service on Chandler Doe on October 14, 2025, at 500 Metropolitan Avenue, and by a follow-up mailing on October 15, 2025. NYSCEF Doc No. 24 contains the affirmations of service on them. Chandler Doe is stated to reside at the premises. Aliya Doe submits an affidavit as NYSCEF Doc No. 51, in which she rebuts the affidavit of service. So too does Defendant Innis in NYSCEF Doc No. 32. There is no showing by Plaintiff that Chandler Doe resides at 500 Metropolitan Avenue, which contains a hotel and various commercial establishments. Moreover, the mailing did not include the "personal and confidential" notation, as per the affidavits of service on both Huey and Innis.
As argued by Defendants, without the legend "personal and confidential" on the envelope [*3]for the mailing portion of the service of the summons with notice, personal jurisdiction over the individual Defendants was not obtained (see Mastropierro v Bennett, 233 AD2d 483 [2d Dept 1996]; Pesner v Fried, 166 AD2d 512 [2d Dept 1990]).
NYSCEF Doc No. 24 also contains an affirmation of service on Brooklyn Eating Inc. on October 29, 2025, through delivery of the commencement papers on the Secretary of State. However, Plaintiff named Croma Crave as a Defendant; Brooklyn Eating Inc. is listed by Plaintiff as the "d/b/a," i.e., the "doing business as" alter ego. Without service being made on Defendant Croma Crave, there is no personal jurisdiction over it. As was stated in Garcia v Nestle USA Inc. (13 Misc 3d 132[A], 2006 NY Slip Op 51880[U], *2 [App Term, 2d & 11th Dists 2006]), "A trade name has no separate jural existence and can neither sue nor be sued independently of its owner (Provosty v Lydia E. Hall Hosp., 91 AD2d 658, 659 [1982], affd 59 NY2d 812 [1983])."
Therefore, in the absence of proper service on the named Defendants, there is a lack of personal jurisdiction which warrants dismissal of the complaint.
In any event, the Court also addresses the issue raised by Defendant concerning the appointment of a receiver. In an action captioned Gamzage Holdings, LLC v 500 Metropolitan Owner LLC (Sup Ct, Kings County, Index No. 523906/2025), Hon. Lawrence Knipel, J.S.C., appointed Jason Sackoor as the receiver for the premises. In Justice Knipel's order, the property owner and its agents were enjoined and restrained "from interfering in any manner with the premises or its possession and from transferring, removing or in any other way disturbing any of the tenants, occupants or licensees thereof during the pendency of this Action" (NYSCEF Doc No. 48 at 3).
Among the other provisions of Justice Knipel's receivership order were the following:
ORDERED, that all entities and/or persons now or hereafter in possession of the Premises, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Receiver; (id. at 8)ORDERED, that, subject to further Order of this Court, the Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary: (a) for the protection of the Premises; (id.)ORDERED, that Owners, Guarantor their respective agents, and all persons and entities acting in concert with any of them, are hereby ENJOINED from: (a) taking any action inconsistent with the terms of this Order; (b) interfering with the Receiver's exercise of his/her powers and performance of his/her duties pursuant to this Order; (c) removing, destroying, concealing, altering, disabling, shutting down, or otherwise making ineffective any of the Owners' Assets, specifically including, without limitation, the Records and the Information Technology; and (d) taking any action with respect to the control, use, management, preservation, repair, maintenance, leasing, sale, or operation of the Premises and the other Owners' Assets, except as otherwise permitted under this Order or upon the specific request of the Receiver; (id. at 11)Plaintiff is an affiliate of the owner, according to its counsel at oral argument. As such, it is bound by the provisions of the receivership order. In commencing suit against Defendants, who are operating at least one commercial establishment on the premises, Plaintiff is usurping the role of the receiver and interfering with the receiver's operation of the premises, which would include collecting rent from the business establishment operated by Defendants. This would impair the duty of the receiver to marshal the property's assets. As stated in Pires v Williams (32 [*4]Misc 3d 221, 224 [Civ Ct, Kings County 2011], "Petitioners, if allowed to prosecute this proceeding to terminate an occupancy that generates income, very well might interfere with the receiver in the performance of his duties." Commencement of the instant action while the property is under a receivership was improper. In light of the receivership, Plaintiff lacked standing to maintain the instant action.
Regarding service of the orders to show cause bringing on the initial motion and Plaintiff's current one — service of the papers being challenged by Defendants — the Court notes that the affirmations of service relied on by Plaintiff with respect to the summons with notice are likewise relied on with respect to the initial order to show cause. That order to show cause was signed on October 22, 2025, and directed that "service of a copy of this Order together with the papers upon which it is based" be made by "CPLR 308 personal service" on or before October 29, 2025 (NYSCEF Doc No. 17). The order was entered on October 23, 2025, so it was impossible for the process servers to have served true copies of the order to show cause on the two natural person Defendants on October 14, 2025. The remaining affirmation of service on Brooklyn Eating Inc. was ineffective to prove service on Croma Crave (see supra at 3).
The failure to make proper service of the order to show cause and supporting papers with respect to Motion Sequence No. 1 was a jurisdictional defect (see Bruno v Ackerson, 51 AD2d 1051, affd 39 NY2d 718 [1976]).
The second order to show cause bringing on a motion by Plaintiff — the instant Motion Sequence No. 2 — was signed on December 31, 2025. Like with the prior order to show cause, this one also directed that "service of a copy of this Order together with the papers upon which it is based" be made by "CPLR 308 personal service" (NYSCEF Doc No. 28). The service deadline was January 9, 2026.
Plaintiff claims to have made service of the second order to show cause and supporting papers on natural person Defendants Aliyah Huey and Scott a/k/a Scotley Innis by serving Zach Doe at 500 Metropolitan Avenue, as per Nicolas Daeppen's affidavit uploaded as NYSCEF Doc No. 29. This service did not confirm to CPLR 308. Assuming arguendo that this was substituted service on a person of suitable age and discretion, it was incomplete inasmuch as there was no follow-up mailing (see CPLR 308 [2]). The Court has perused the filings on NYSCEF to locate proof of service on Defendant Croma Crave on a date following the December 31, 2025 signing of the order to show cause and has been unable to locate one.
The failure to make proper service of the order to show cause and supporting papers with respect to Motion Sequence No. 2 was a jurisdictional defect (see Bruno v Ackerson, 51 AD2d 1051), affd 39 NY2d 718).
Additionally, Plaintiff has failed to provide a basis for excusing its default on November 6, 2025. The substantiation of an excuse by the client, instead of from counsel, as to why there was no appearance in court on that date, is insufficient (see CPLR 5015 [a] [1]; Wells Fargo Bank, N.A. v Hakim, 230 AD3d 1271, 1273 [2d Dept 2024] ["evidence submitted by the defendants that their former counsel had been disbarred from the practice of law in 2018 does not constitute a detailed and credible explanation of the law office failure"]; HSBC Bank USA, N.A. v Hutchinson, 215 AD3d 645, 647 [2d Dept 2023] ["fail[ure] to provide an affidavit from anyone with personal knowledge of the purported law office failure"]).
In light of this analysis, it is unnecessary to consider the parties' other arguments, including the branches of Defendants' motion to dismiss premised on a lack of standing [*5]argument based on Plaintiff not being the holder of the premises' liquor license and an argument that the complaint failed to state a cause of action.
Conclusion
It is hereby ORDERED as follows:
(1) Motion Sequence No. 2, the motion by Plaintiff to reinstate Motion Sequence No. 1's order to show cause returnable on November 6th, 2025, is DENIED. Not only did Plaintiff fail to properly serve the motion papers with respect to both Motion Sequence Nos. 1 and No. 2, the complaint is dismissed as is indicated below. Moreover, Plaintiff has failed to sufficiently explain why it defaulted in appearing on November 6, 2025.
(2) Motion Sequence No. 3, the motion by Defendants seeking dismissal of the complaint, is GRANTED TO THE EXTENT OF dismissing the complaint due to lack of personal jurisdiction, and due to lack of standing in light of the subject premises being under a receivership. The clerk shall enter judgment dismissing the complaint.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).