▮ In the Matter of SALVATORE TRICARIO, SR., Respondent-Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Appellants-Respondents.— Order, entered on August 28, 1963, unanimously modified, on the law and the facts, so as to reinstate the designating petition of Jacqueline Foster Herring and otherwise affirmed, without costs. The respondent-appellant Herring — correctly named in the petition — was clearly proven to be a duly registered and enrolled Democrat, albeit under her name by a previous marriage. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

## SECOND DEPARTMENT, AUGUST, 1963

### (August 27, 1963)

▮ In the Matter of WILLIAM G. O'DONNELL, Respondent, v. JAMES RYAN et al., Appellants, and WILLIAM MEISSER et al., Constituting the Board of Elections of the County of Nassau, Respondents.— In a proceeding under section 330 of the Election Law, to declare invalid the petition designating James Ryan and Lottie Werner as the candidates, to be voted upon at the forthcoming primary election, for the party positions of committeeman and committeewoman, respectively, of the County Committee of the Democratic party from the 61st Election District, 4th Assembly District in the County of Nassau, etc., the designated candidates and the Committee on Vacancies appeal from an order of the Supreme Court, Nassau County, entered August 26, 1963 upon the decision of the court after a hearing, which declared said designating petition to be invalid and directed the Board of Elections to reject it. Order reversed on the law and the facts, without costs; petition in this proceeding dismissed, and designating petition declared to be valid. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Concededly, only one of the signatures on the designating petition is vulnerable and may be deemed to be invalid. The remaining signatures, however, are free from all irregularity or claim of fraud, and are admittedly valid. The irregularities incident to the one challenged signature are in no way connected with the remaining signatures. Whatever wrongdoing there was, permeated only the one signature, not the entire petition. Since the number of remaining valid signatures is sufficient, the designating petition must be held to be good. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.