■ In the Matter of ROBERT P. MCGREEVY, Appellant-Respondent, v LESLIE N. SIMON et al., Respondents-Appellants, and CAROLEE SUNDERLAND et al., Respondents. [633 NYS2d 177] —In a proceeding to invalidate certificates nominating Leslie N. Simon as a candidate of the Republican Party and the Home Town Party for the public office of Supervisor of the Town of Lewisboro, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), entered October 13, 1995, as dismissed the proceeding, and Leslie N. Simon, Eugene F. Conroy, Nancy Melagrano, John F. Bronzo, and Mary T. Trott cross-appeal from so much of the judgment as found that the proceeding was timely.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the cross appellants are not aggrieved by the portion of the judgment cross-appealed from *(see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The order to show cause which brought on this proceeding directed "personal service" of a copy of the order to show cause and supporting papers. The Supreme Court Justice who signed the order to show cause crossed out the provision which would have permitted service by mail. The petitioner claimed that Leslie N. Simon was served by affixing the papers to the door of his residence and mailing the papers to his home and business addresses pursuant to CPLR 308 (4). The method of service provided for in the order to show cause is jurisdictional in nature and must be strictly complied with *(see, Matter of O'Daniel v Hayduk,* 59 AD2d 706, 707, *affd* 42 NY2d 1062; *Matter of Bruno v Ackerson,* 39 NY2d 718, *affg* 51 AD2d 1051; *Matter of Raphael v Montgomery County Bd. of Elections,* 175 AD2d 965; *Matter of Sahler v Callahan,* 92 AD2d 976, 977).

The affidavit of the petitioner's process server was insufficient, as a matter of law, to establish that she exercised due diligence in attempting service by personal delivery of the order to show cause to Simon pursuant to CPLR 308 (1) or by

delivery and mail pursuant to CPLR 308 (2). The two attempts at such service were insufficient to warrant resort to affix and mail service under CPLR 308 (4) *(see, Barnes v City of New York,* 70 AD2d 580, *affd* 51 NY2d 906; *Pizzolo v Monaco,* 186 AD2d 727; *Moss v Corwin,* 154 AD2d 443). Because the petitioner failed to properly serve Simon, a "necessary party" *(Matter of Sahler v Callahan, supra,* at 977), pursuant to the order to show cause, the Supreme Court was without jurisdiction to entertain this proceeding. Accordingly, the proceeding was properly dismissed. Sullivan, J. P., Thompson, Hart and Goldstein, JJ., concur.