■ In the Matter of EDWARD HENNESSEY, Appellant, v ROBERT J. DICARLO et al., Respondents, and SUFFOLK COUNTY BOARD OF ELECTIONS et al., Respondents. [800 NYS2d 576]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Robert J. DiCarlo as a candidate in the primary election to be held on September 13, 2005, for the nomination of the Republican Party as its candidate for the public office of Supervisor of the Town of Brookhaven, the appeal is from an amended final order of the Supreme Court, Suffolk County (Werner, J.), dated August 10, 2005, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the amended final order is affirmed, without costs or disbursements.

The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (see Matter of Marcoccia v Garfinkle, 307 AD2d 1010 [2003]; Matter of McGreevy v Simon, 220 AD2d 713 [1995]). The order to show cause by which this proceeding was instituted provided for service to "be made by personal service and by [regular mail]." Although the order to show cause authorized service "on or before July 29, 2005," pursuant to Election Law § 16-

102 (2), the proceeding was required to be commenced "within fourteen days after the last day to file the [designating] petition" (Election Law § 16-102 [2]). The last day to file was July 14, 2005. Accordingly, the petitioner was required to commence the proceeding by July 28, 2005 (*see* Election Law § 16-102 [2]; *Matter of Berman v Board of Elections of County of Nassau*, 68 NY2d 761 [1986]). Further, the order to show cause did not specifically dispense with the requirements set forth in CPLR 308, which requires, inter alia, "due diligence" in attempting service pursuant to CPLR 308 (1) and (2) before utilizing "nail and mail" service pursuant to CPLR 308 (4). We agree with the Supreme Court that the petitioner did not exercise due diligence in his attempt to serve Robert J. DiCarlo because no attempt at service was made until after 2:30 P.M. on July 27, 2005, one day after the date the order to show cause was signed, and the affidavit of service did not specify the exact time the pleadings were affixed to DiCarlo's residence (*see Matter of McGreevy v Simon, supra; see also Barnes v City of New York*, 70 AD2d 580 [1979], *affd* 51 NY2d 906 [1980]). Moreover, since it cannot be said that DiCarlo's campaign headquarters constituted his "actual place of business," the two attempts to serve him at that location on July 27, 2005, did not satisfy CPLR 308 (2) (*see Barnes v City of New York, supra*).

Although there were some instances of irregularities relating to the designating petition, the petitioner failed to demonstrate by clear and convincing evidence that DiCarlo's designating petition was permeated with fraud or that DiCarlo had actual or constructive knowledge of any fraud (*see Matter of Fonvil v Michel*, 308 AD2d 424 [2003]; *Matter of McRae v Jennings*, 307 AD2d 1012 [2003]; *Matter of Calvi v McLaughlin*, 264 AD2d 453 [1999]; *see also Matter of Proskin v May*, 40 NY2d 829 [1976]; *Matter of Saitta v Rivera*, 264 AD2d 490 [1999]). Accordingly, the Supreme Court properly determined that only those designating sheets which were improperly subscribed and the irregular signatures on the remaining sheets that were submitted into evidence were invalid (*see Matter of Previdi v Matthews*, 186 AD2d 101 [1992]; *Matter of Ferraro v McNab*, 96 AD2d 917 [1983], *affd* 60 NY2d 601 [1983]; *see also Matter of O'Donnell v Ryan*, 19 AD2d 781 [1963], *affd* 13 NY2d 885 [1963]). The remaining 1,547 signatures exceeded the 1,250 signatures needed to designate a candidate in the primary election (*see* Election Law § 6-136).

The petitioner requested that the Supreme Court consider certain objections to DiCarlo's designating petition that were previously filed with the Board of Elections by a nonparty to

this proceeding. The petition incorporated by reference those objections. The "specifications of objections that the petition incorporated by reference were insufficiently detailed to apprise [DiCarlo] of the allegations being made against his designating petition" (*Matter of Waugh v Nowicki*, 10 AD3d 437, 438 [2004]). Thus, the Supreme Court properly denied the petitioner's request (*see Matter of Waugh v Nowicki, supra; cf. Matter of Oberle v Caracappa*, 133 AD2d 202 [1987]). Florio, J.P., Santucci, Krausman, Crane and Mastro, JJ., concur.