Edward Borg, Robert Becht, George Terranova & Carl Terranova, Co-Trustees, under will of Vincent Terranova, deceased, Petitioner-Landlord-Respondent, 
against
Thomas L. Feeley, Respondent-Tenant-Appellant, and David Stewart, Respondent-Undertenant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Erika M. Edwards, J.), dated November 18, 2016, which denied his motion to vacate the portion of the default final judgment which awarded landlord a monetary recovery in the principal sum of $91,254 in a nonpayment summary proceeding.




Per Curiam.
Order (Erika M. Edwards, J.), dated November 18, 2016, reversed, with $10 costs, and the monetary award contained in the default final judgment is vacated.
In order to obtain a monetary recovery against a tenant who does not appear in a summary proceeding, a landlord must establish that the petition and notice of petition were served personally or that the process server used due diligence before resorting to conspicuous service (see Oppenheim v Spike, 107 Misc 2d 55 [1980]; see also Avgush v Berrahu, 17 Misc 3d 85 [2007] [service must be effectuated in a manner that would be sufficient to support entry of a money judgment in a plenary action]). Here, the affidavit of the process server indicates that, prior to resorting to conspicuous service, two attempts were made to personally serve tenant at the premises, one on a Friday at 6:45 A.M. and one on the following Monday at 1:40 P.M. Significantly, the affidavit of service does not describe any efforts to ascertain tenant's whereabouts, work schedule or business address (see Serraro v Staropoli, 94 AD3d 1083 [2012]).
While these two attempts, one of which was during normal working hours, were sufficient to satisfy the reasonable application standard of RPAPL § 735 (see Eight Assoc. v [*2]Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]; SBS Owners, Inc. v Kelly, 19 Misc 3d 141[A], 2008 NY Slip Op 50938[U] [App Term, 1st Dept 2008]), they were insufficient to establish the due diligence required to obtain personal jurisdiction over tenant (see Barnes v City of New York, 70 AD2d 580 [1979], affd 51 NY2d 906 [1980]; Matter of McGreevy v Simon, 220 AD2d 713 [1995]; Bleier v Heschel, 128 AD2d 662 [1987]; cf. Brown v Teicher, 188 AD2d 256 [1992]). Under these circumstances, the monetary portion of the default final judgment was a nullity (see Oppenheim v Spike, 107 Misc 2d at 56), and must be vacated.
Although the record contains a second affidavit of the process server indicating that conspicuous service was also made at a purported business address of tenant in Hoboken, New Jersey, landlord does not rely on this affidavit as a basis for personal jurisdiction over tenant. In any event, since there was no showing that the Hoboken address was tenant's "actual place of business," the two attempts to serve him at that location did not confer personal jurisdiction (see Matter of Hennessey v DiCarlo, 21 AD3d 505, 506 [2005], lv denied 5 NY3d 706 [2005]).
In view of our disposition, we need not reach any other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2017