Matter of Felder v Tischler (2022 NY Slip Op 05258)

Matter of Felder v Tischler

2022 NY Slip Op 05258

Decided on September 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-07391
 (Index No. 520117/22)

[*1]In the Matter of Simcha Felder, petitioner-respondent,
v
Heshy Tischler, appellant, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate an independent nominating petition nominating Heshy Tischler as the candidate of the Boro Park Flatbush Party for the public office of New York State Senator for the 22nd Senatorial District in a general election to be held on November 8, 2022, Heshy Tischler appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 30, 2022. The final order, upon an order of the same court dated July 26, 2022, among other things, denying the motion of Heshy Tischler to dismiss the petition, inter alia, to invalidate, granted the petition and invalidated the independent nominating petition.
ORDERED that the final order is affirmed, without costs or disbursements.
In July 2022, Heshy Tischler filed an independent nominating petition with the Board of Elections in the City of New York (hereinafter the Board) nominating himself as the candidate of the Boro Park Flatbush Party for the public office of New York State Senator for the 22nd Senatorial District in a general election to be held on November 8, 2022. By the filing of an order to show cause and verified petition dated July 14, 2022, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate Tischler's independent nominating petition. Tischler moved to dismiss the petition to invalidate on the ground, among others, that the petitioner had failed to strictly comply with any method of service provided for in the order to show cause. In an order dated July 26, 2022, the Supreme Court denied the motion. In a final order dated August 30, 2022, the court, upon finding that Tischler lacked the requisite number of signatures for placement on the ballot, granted the petition to invalidate and invalidated the independent nominating petition. Tischler appeals, arguing that the court erred in denying his motion to dismiss.
A special proceeding commenced pursuant to Election Law article 16 must be heard "upon such notice to such officers, persons or committees as the court or justice shall direct" (Election Law § 16-116). In such a proceeding, "[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Hennessey v DiCarlo, 21 AD3d 505, 505; see Matter of O'Daniel v Hayduk, 59 AD2d 706, 707, affd 42 NY2d 1062; Matter of Bruno v Ackerson, 51 AD2d 1051, affd 39 NY2d 718). Here, the petitioner established that he served the petition to invalidate in accordance with the order to show cause, which permitted service, among other means, "by Guaranteed Next Day Delivery Express mail, by the 16th day of July 2022." The petitioner submitted an affirmation of service indicating that a copy of the petition to invalidate, addressed to Tischler, was deposited in a "post-paid wrapper by Express Mail, Guaranteed Overnight Delivery" at a United States Postal Service post office at 10:56 a.m. on July 16, 2022. The original receipt of mailing was annexed to the affirmation. Accordingly, the [*2]Supreme Court properly denied Tischler's motion to dismiss the petition to invalidate on the ground that the petitioner failed to strictly comply with the method of service directed by the court in the order to show cause (see Matter of Streng v Westchester County Bd. of Elections, 131 AD3d 652, 653; Matter of Nunziato v Messano, 87 AD3d 647, 647-648).
In light of our determination, we need not address the petitioner's remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court