Matter of Stark v Williams (2023 NY Slip Op 02583)

Matter of Stark v Williams

2023 NY Slip Op 02583

Decided on May 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-04185
 (Index No. 610306/23)

[*1]In the Matter of Catherine L. Stark, etc., petitioner- respondent, 
v
Gregory L. Williams, etc., appellant, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Gregory L. Williams as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Legislator, 1st Legislative District, Gregory L. Williams appeals from a final order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated May 3, 2023. The final order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated May 1, 2023, denying that branch of the motion of Gregory L. Williams which was, in effect, to dismiss the amended petition, inter alia, to invalidate the designating petition for lack of personal jurisdiction, and, after a hearing, granted the amended petition, inter alia, to invalidate the designating petition and invalidated the designating petition.
ORDERED that the final order is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, so much of the order dated May 1, 2023, as denied that branch of the motion of Gregory L. Williams which was, in effect, to dismiss the amended petition, inter alia, to invalidate the designating petition for lack of personal jurisdiction is vacated, and thereupon, that branch of the motion is granted, the amended petition, inter alia, to invalidate the designating petition is denied, and the proceeding is dismissed.
The petitioner, Catherine L. Stark, a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Suffolk County Legislator, 1st Legislative District, commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating the respondent Gregory L. Williams as a candidate for the same nomination (hereinafter the designating petition). Stark submitted to the Supreme Court, among other papers, a proposed order to show cause which provided that the order to show cause, together with a copy of the papers upon which it was granted, could be served upon Williams by, among other methods, "affixing the same to the outer or inner door of the residence of [Williams] at the address set forth in [his] Designating petition, AND by enclosing the same in a securely sealed and duly prepaid wrapper, addressed to [Williams] at the address set forth in his/her Authorization Certificate, and depositing the same with a depository of the United States Postal Service via Express Mail."
In signing the order to show cause, the Supreme Court made a number of written changes to the proposed order to show cause but did not change this suggested method of service. A process server, in an affidavit of service, stated that he "served the within Order to Show Cause, together with a copy of the papers upon which it is granted, upon the Respondent-Candidate by [*2]affixing same to the outer or inner door of the residence of the Respondent-Candidate at the address set forth in his designating petition and by enclosing same in a securely sealed and duly prepaid wrapper, addressed to the Respondent-Candidate at the address set forth in his authorization certificate, and depositing the same with a depository of the United States Postal Service via Express Mail."
Williams moved, in effect, to dismiss the amended petition, inter alia, to invalidate the designating petition (hereinafter the amended petition), arguing that Stark failed to obtain personal jurisdiction over him and that the amended petition failed to sufficiently specify the allegations of fraud. In an affirmation in support of the motion, Williams's attorney argued, in relevant part, that "[c]andidate has not attempted, and is not attempting, in any way, to run for Suffolk County Legislator from the 1st Legislative District, on any political party ballot line except for the Republican party ballot line. Thus, there is no Authorization Certificate for Candidate at the Board of Elections, or anywhere else, because an Authorization Certificate is not required for Candidate to run in the Republican Party primary election on June 27, 2023, for the public office [of] Suffolk County Legislator from the 1st Legislative District." In opposition, Stark argued that "the Affidavits of Service submitted herein clearly detail the proper manner in which service was effectuated in this action." Stark did not dispute that Williams did not have an authorization certificate.
In an order dated May 1, 2023, the Supreme Court, inter alia, denied Williams's motion, in effect, to dismiss the amended petition and directed the parties to appear for a hearing. After the hearing, in a final order dated May 3, 2023, the court, in effect, upon reargument, adhered to the determination in the May 1, 2023 order denying that branch of Williams's motion which was, in effect, to dismiss the amended petition for lack of personal jurisdiction, and granted the amended petition and invalidated the designating petition. Williams appeals from the final order.
A special proceeding commenced pursuant to Election Law article 16 must be heard "upon such notice to such officers, persons or committees as the court or justice shall direct" (id. § 16-116). In such a proceeding, "[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with" (Matter of Hennessey v DiCarlo, 21 AD3d 505, 505; see Matter of Felder v Tischler, 208 AD3d 1288, 1289; Matter of O'Daniel v Hayduk, 59 AD2d 706, 707, affd 42 NY2d 1062; Matter of Bruno v Ackerson, 51 AD2d 1051, affd 39 NY2d 718).
Here, the order to show cause, consistent with the proposed language submitted to the Supreme Court by Stark, provided that service on Williams could be made by affixing the necessary papers to the outer or inner door of Williams's residence and by mailing a copy of those papers to him "at the address set forth in his/her Authorization Certificate." Stark does not dispute that such an authorization certificate does not exist. Thus, the proposed order to show cause submitted to the court for signature, and the order to show cause signed by the court, could not be complied with, yet the process server averred to have served process in this manner. Since the method of service provided in the order to show cause was jurisdictional in nature, and the affidavit of service is deficient on its face for identifying an address for mailing purportedly obtained from a document that did not exist, the court should have granted that branch of Williams's motion which was, in effect, to dismiss the amended petition for lack of personal jurisdiction.
Stark's contention regarding waiver of the personal jurisdiction defense, which was raised for the first time at oral argument, is not properly before this Court. Moreover, we address the parties' remaining contentions to enable further appellate review, if appropriate.
The Supreme Court correctly denied that branch of Williams's motion which was, in effect, to dismiss the amended petition for failure to sufficiently specify the allegations of fraud. The amended petition provided Williams with timely and adequate notice of the particular fraud allegations (see CPLR 3016[b]).
However, the Supreme Court erred in granting the amended petition and invalidating [*3]the designating petition. "A candidate's designating petition or independent nominating petition 'will be invalidated on the ground of fraud if there is a showing that the entire petition is permeated with fraud'" (Matter of Haygood v Hardwick, 110 AD3d 931, 932, quoting Matter of Felder v Storobin, 100 AD3d 11, 15). "Absent permeation with fraud, a designating [or independent nominating] petition may be invalidated where the candidate has participated in or is chargeable with knowledge of the fraud" (Matter of Felder v Storobin, 100 AD3d at 15). Here, Stark failed to meet her burden of demonstrating by clear and convincing evidence that the designating petition was permeated with fraud or that Williams participated in or was chargeable with knowledge of any fraud (see Matter of Finn v Sherwood, 87 AD3d 1044, 1045).
DILLON, J.P., DUFFY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court