Matter of Louis v Diaz (2025 NY Slip Op 02815)

Matter of Louis v Diaz

2025 NY Slip Op 02815

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2025-05150
 (Index No. 512541/25)

[*1]In the Matter of Farah N. Louis, appellant,
v
Joshua Elijah Diaz, respondent-respondent, et al., respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Joshua Elijah Diaz as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 45th Council District, the petitioner appeals from a final order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 24, 2025. The final order denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
On March 31, 2025, Joshua Elijah Diaz filed a petition with the Board of Elections in the City of New York designating himself as a candidate in a primary election to be held on June 24, 2025, for the nomination of the Republican Party as its candidate for the public office of Member of the New York City Council, 45th Council District. The petitioner, Farah N. Louis, commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the designating petition. Louis submitted to the Supreme Court, among other papers, a proposed order to show cause, which provided that the order to show cause, together with a copy of the papers upon which it was granted, could be served upon "the Respondents-Objectors" by enclosing the "same in a securely sealed and duly postpaid wrappers addressed to such respondent-objectors at the addresses set forth in said purported objections and by mailing/sending the same by overnight UPS, FedEX or any other recognized overnight next day courier." In signing the order to show cause, the court made some written changes to the proposed order to show cause but did not make any changes to this language.
Diaz interposed an answer, asserting lack of personal jurisdiction as an affirmative defense. In a final order dated April 24, 2025, the Supreme Court denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding for lack of personal jurisdiction. Louis appeals.
"A special proceeding commenced pursuant to Election Law article 16 must be heard upon such notice to such officers, persons or committees as the court or justice shall direct" (Matter of Stark v Williams, 216 AD3d 859, 861 [internal quotation marks omitted]). "In such a proceeding, '[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with'" (id., quoting Matter of Hennessey v DiCarlo, 21 AD3d 505, 505; see Election Law § 16-116).
Here, the order to show cause, consistent with the proposed language submitted to [*2]the Supreme Court by Louis, directed service upon the "respondent-objectors at the addresses set forth in said purported objections." However, it is undisputed that Diaz is the "respondent-candidate," there are no "respondent-objectors," and there are no "purported objections" in this matter. As such, there were no addresses set forth in any purported objections, and service could not have possibly been made in strict compliance with the order to show cause (see Matter of Stark v Williams, 216 AD3d at 861-862). Accordingly, the court properly denied the petition, inter alia, to invalidate the designating petition and dismissed the proceeding for lack of personal jurisdiction (see Election Law § 16-116; Matter of Stark v Williams, 216 AD3d at 861-862).
Diaz's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., WARHIT, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court