**Hamidu v Sands**

2026 NY Slip Op 31016(U)

March 18, 2026

Supreme Court, New York County

Docket Number: Index No. 805189/2025

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                                  PART                    56M

                                         *Justice*

-------------------------------------------------------------------------------X

AMINA HAMIDU,

                                    Plaintiff,

                    - v -

ANDREW K. SANDS, M.D., KYLE WALKER, M.D.,
STEVE POURNARAS, M.D., and NEW YORK-
PRESBYTERIAN/LOWER MANHATTAN HOSPITAL,

                                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805189/2025 |
| MOTION DATE | 12/16/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 39

were read on this motion to/for                    DISMISS/X MOTION TO EXTEND TIME TO SERVE PROCESS                    .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, common-law negligence, and negligent hiring, training, supervision, and retention of healthcare personnel, the defendant Steve Pournaras, M.D., moves pursuant to CPLR 306-b and 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, premised upon the plaintiff's failure timely and properly to serve him with a copy of the summons and complaint. The plaintiff opposes the motion, and cross-moves pursuant to CPLR 306-b, 2001, and 2004 to extend her time to serve Pournaras with a copy of the summons and complaint. Pournaras opposes the cross motion. Pournaras's motion is denied, the plaintiff's cross motion is granted, and the plaintiff shall have until June 30, 2026 within which to serve Pournaras with a copy of the summons and complaint.

The gravamen of this action is that, on January 7, 2023, the defendants negligently performed a right hip open reduction procedure upon the plaintiff, with internal fixation employing a femoral nail system, and that, as a consequence, the plaintiff sustained a fractured bone. The plaintiff commenced this action on June 30, 2025 by filing a summons and

**805189/2025   HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**
**Motion No.  001**

Page 1 of 8

complaint. Pursuant to CPLR 306-b, she had 120 days from that date to serve process upon Pournaras, or until October 28, 2025 (*see* General Construction Law § 20).

In an August 5, 2025 affidavit of service, the plaintiff's process server averred that

"On 8/5/2025 at 10:00:49 AM, deponent served the within ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT STEVE POURNARAS, M.D. at 3998 Fair Ridge Drive, Suite 100, Fairfax, VA 22033 in the manner indicated below:

"served an AUTHORIZED entity by delivering a true copy of the ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT to: Melanie Ortiz as Front Desk Associate at the address of: 3998 Fair Ridge Drive, Suite 100, Fairfax, VA 22033, who stated they are authorized to accept service for STEVE POURNARAS, M.D., and informed said person of the contents therein, in compliance with state statutes.

"Comments:
Copy mailed to subject 08/05/2025 first class USPS."

The plaintiff filed the affidavit of service on August 19, 2025. Pournaras served an answer to the complaint on September 3, 2025, which set forth the affirmative defense that the court lacked personal jurisdiction over him. Pournaras made the instant motion on October 31, 2025, and, thus, "within 60 days after serving the pleading," as required by CPLR 3211(e).

In support of his motion, Pournaras submitted his own affirmation, in which he averred that, in connection with the Fairfax, Virginia, address at which the plaintiff's process server attempted to serve him with the summons and complaint, he "never resided, been employed by any entity located at that address, nor have I ever conducted business at that address at any point up to and including August of 2025." He further asserted that he has never been licensed to practice medicine in the Commonwealth of Virginia. In addition, Pournaras stated that:

"I never personally received, nor was I ever personally served with any Summons and Complaint addressed to Stephen Pournaras, M.D. or Steve Pournaras, M.D. in this matter, in my hand.

"I never personally received the Summons and Complaint addressed to Stephen Pournaras, M.D. or Steve Pournaras, M.D in this matter, via the United States Postal Service or any other parcel delivery service.

"I never received the Summons and Complaint addressed to Stephen Pournaras,

**805189/2025 HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**
**Motion No. 001**

Page 2 of 8

2 of 8

[* 2]

M.D. or Steve Pournaras, M.D at my home, via mail or any other manner of service at my home address.

"I have not authorized any other individual to accept service of process of any legal documentation on my behalf."

In opposition to Pournaras's motion, the plaintiff submitted the affidavit of process server Loai F. Sarsour, who asserted that, on July 9, 2025, he

"attempted to make personal service of a true copy of the ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT in the above entitled action upon STEVE POURNARAS, M.D. the DEFENDANT at 585 SCHENECTADY AVENUE BROOKLYN NY 11203 and was unable to do so. DEPONENT ATTEMPTED TO SERVE THE RECIPIENT AT 585 SCHENECTADY AVENUE, BROOKLYN, NY, AND SPOKE TO AMINA WARD, WHO ADVISED THE RECIPIENT NO LONGER WORKS THERE."

The plaintiff also submitted a second affidavit from Sarsour, who attested that, on July 16, 2025 at 11:57 a.m., and again on July 19, 2025 at 12:49 p.m., he

"attempted to make personal service of a true copy of the ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT in the above entitled action upon STEVE POURNARAS, M.D. the DEFENDANT at 31 WOODRUFF AVE, APT 1A BROOKLYN NY 11226 and was unable to do so.

"DEPONENT ATTEMPTED TO SERVE THE RECIPIENT AT 31 WOODRUFF AVE, APT 1A, BROOKLYN, NY 11226 AND SPOKE TO THE DOORMAN, WHO CONFIRMED THE APARTMENT IS VACANT."

In addition, the plaintiff submitted the affirmation of Ginelle Hinajosa, an account manager at a company known as Lexitas, which undertakes computer searches referable to a person's home address and place of employment, who attested that, on July 14, 2025, Lexitas performed a skip trace seeking to locate Pournaras, which revealed only that his business address continued to be listed as 585 Schenectady Avenue, Brooklyn, New York.

CPLR 308 requires that service of process upon a natural person must be effectuated either by personally delivering the summons to that person (CPLR 308[1]), by personally delivering the summons to a person of suitable age and discretion at that defendant's actual place of business, dwelling place, or usual place of abode and mailing the summons to the defendant's last known residence or actual place of business (CPLR 308[2]), or, after diligent

805189/2025   HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL
Motion No.  001

Page 3 of 8

3 of 8

attempts unsuccessfully have been made to serve the defendant by one of those two methods, by affixing the summons to the door of that defendant's actual place of business, dwelling place, or usual place of abode and mailing the summons to the defendant's last known residence or actual place of business (CPLR 308[4]). CPLR 3211(a)(8) provides that "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the court has not jurisdiction of the person of the defendant." "'It is axiomatic that the failure to serve process in an action leaves the court without personal jurisdiction over the defendant'" (*Krisilas v Mount Sinai Hosp*., 63 AD3d 887, 889 [2d Dept 2009], quoting *McMullen v Arnone*, 79 AD2d 496, 499 [2d Dept 1981]; *see Mortgage Elec. Reg. Sys., Inc. v Congregation Shoneh Halochos*, 189 AD3d 820, 823 [2d Dept 2020]).

More particularly, CPLR 308(2) permits delivery of the summons

> "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law"

"Personal jurisdiction is not acquired absent compliance with *both the delivery and mailing requirements of the statute*" (*Everbank v Kelly*, 203 AD3d 138, 143 [2d Dept 2022] [emphasis added]). CPLR 308(4) provides that

> "where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the

805189/2025   HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL
Motion No.  001

Page 4 of 8

4 of 8

legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law."

As with CPLR 308(2), employment of the affix and mail method of service "requires *both* affixing and mailing" (*Ventura v City of New York*, 2025 NY Slip Op 33432[U], *3, 2025 NY Misc LEXIS 7558, *6 [Sup Ct, N.Y. County, Sep. 12, 2025] [emphasis added]).

Pournaras established that he was not properly served with process within 120 days after the commencement of the action, as required by CPLR 306-b.  If Sarsour's affirmations are correct, the court concludes that plaintiff has not shown the necessary "due diligence" in effecting service by personal delivery (CPLR 308[1]) or substituted service (CPLR 308[2]), as a total of three attempts at service at one former business address and one putative former residence address in New York, during working hours, is insufficient to establish the due diligence necessary to show good cause (*see State Higher Educ. Servs. Corp. v Cacia*, 235 AD2d 986, 987 [3d Dept 1997]; *McGreevy v Simon*, 220 AD2d 713, 713-714 [2d Dept 1995]; *see also Hennessey v DiCarlo*, 21 AD3d 505, 506 [2d Dept 2005]; *Toyota Motor Credit Corp. v Jackson*, 2023 NY Misc LEXIS 36579, *4 [Sup Ct, Westchester County, Nov. 29, 2023]), even if she also attempted service at a Virginia address with which Pournaras has and had no known connection, along with a cursory skip trace.

Although CPLR 306-b provides that "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant," it alternatively authorizes the court, "upon good cause shown or in the interest of justice," to "extend the time for service."  The plaintiff, by her cross motion, seeks to extend the time for service.  As the Court of Appeals explained in *Leader v Maroney* (97 NY2d 95, 105-106 [2001]),

**805189/2025   HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**                          **Page 5 of 8**
**Motion No.  001**

5 of 8

"the legislative history is unequivocal that the inspiration for the new CPLR 306-b provision was its Federal counterpart. The revision was intended to offer New York courts the same type of flexibility enjoyed by Federal courts under rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) similarly provides two alternative grounds for a plaintiff seeking an extension of time to serve process. The rule explicitly mandates that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service] (Fed Rules Civ Pro, rule 4[m]). The rule also authorizes a second, unspecified discretionary basis for extension 'even if there is no good cause shown' (1993 Advisory Comm Note, Fed Rules Civ Pro, rule 4[m]; *see, Boley v Kaymark*, 123 F3d 756, 758 [3d Cir], *cert denied* 522 US 1109).

"The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant. We also agree with the Appellate Division majorities that Federal case law analysis of rule 4(m) of the Federal Rules of Civil Procedure provides a useful template in discussing some of the relevant factors for an interest of justice determination (*see, e.g., AIG Managed Mkt. Neutral Fund v Askin Capital Mgt.*, 197 FRD 104, 109 [SD NY]; *see also, State of New York v Sell*a, 185 Misc 2d 549, 554 [Albany County Sup Ct] [compiling Federal factors]).

"The statute empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion. No one factor is determinative--the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served."

(some citations and internal quotation marks omitted).

Inasmuch as the plaintiff cannot show that she employed due diligence in attempting to serve Pournaras in a proper manner, she cannot show good cause for the requested extension of time. Nonetheless, although this action does not qualify for an extension under the "good cause" exception (*see Mead v Singleman*, 24 AD3d 1142, 1144 [3d Dept 2005]), the court concludes that it qualifies under the "interest of justice" category (*see Henneberry v Borstein*, 91 AD3d 493, 495-496 [1st Dept 2012]).

"In deciding such a motion, the express language of CPLR 306-b gives the court two options: dismiss the action without prejudice; or extend the time for service in the existing action. . . . In these circumstances, *the court's options [are] limited to*

**805189/2025   HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**                    **Page 6 of 8**
**Motion No.  001**

6 of 8

[* 6]

> *either dismissing the action outright, or extending the time for plaintiff to properly effect service"*

(*id.* at 495 [emphasis added]; *see Sottile v Islandia Home for Adults*, 278 AD2d 482, 484 [2d Dept 2000] ["The statute gives a court the option of extending the time to serve *instead of* dismissing the action"] [emphasis in original]). A court is only precluded from entertaining a request to extend the time for service pursuant to CPLR 306-b where the action has been dismissed by virtue of the entry of a judgment of dismissal (*see State of N.Y. Mortgage Agency v Braun*, 182 AD3d 63, 70 [2d Dept 2020]), which has not occurred here.

It is undisputed that the plaintiff's process server made some attempts to serve Pournaras within the statutory 120-day period. The plaintiff made her cross motion on December 15, 2025, only 10 weeks after Pournaras served his answer, which asserted the affirmative defense of lack of personal jurisdiction. Thus, it cannot be said that the plaintiff waited so long to seek the extension of time as to prejudice Pournaras or any other defendant (*cf. Nationstar Mtge., LLC v McCallum*, 191 AD3d 480, 480-481 [1st Dept 2021] [plaintiff waited nearly five years after defendant put plaintiff on notice that service was purportedly improper, nine years after the action was commenced, and five months after the court determined that a traverse hearing was warranted, before moving for an extension of time to effectuate service of process]). Nor can Pournaras establish any prejudice if the plaintiff were granted an extension of time within which to serve him with process, since he obtained notice of the commencement of the action against him in sufficient time to permit him to serve an answer only two months after the action was commenced, and almost two months before the 120-day period of CPLR 306-b had lapsed.

Accordingly, it is,

ORDERED that the motion of the defendant Steve Pournaras, M.D., to dismiss the complaint insofar as asserted against him, based on improper service of process, is denied; and it is further,

**805189/2025  HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**
**Motion No.  001**

**Page 7 of 8**

7 of 8

ORDERED that the plaintiff's cross motion for leave to extend the time within which to effect service of process upon the defendant Steve Pournaras, M.D., is granted, and the plaintiff shall have until June 30, 2026 to serve process upon him; and it is further,

ORDERED that, on or before April 3, 2026, the attorneys for the defendant Steve Pournaras, M.D., shall provide the attorney for the plaintiff with the location of that defendant's actual place of business, dwelling place, and usual place of abode.

This constitutes the Decision and Order of the court.

<table>
<tr><td>__3/18/2026__<br>**DATE**</td><td></td><td>_____<br>**JOHN J. KELLEY, J.S.C.**</td></tr>
</table>

| MOTION: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| CROSS MOTION: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805189/2025  HAMIDU, AMINA vs. SANDS M.D., ANDREW K. ET AL**   **Page 8 of 8**
**Motion No.  001**