Matter of Conn-Halevi v Neider

2026 NY Slip Op 03098

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Serapher Conn-Halevi, et al., petitioners-respondents,

v

Brandon Neider, appellant, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04285, (Index No. 62449/26)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

William G. Ford

Laurence L. Love

Donna-Marie E. Golia, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Brandon Neider as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 89th Assembly District, Brandon Neider appeals from a final order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 28, 2026. The final order, after a hearing, granted the petition, inter alia, to invalidate the designating petition.

ORDERED that the final order is affirmed, without costs or disbursements.

The petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Brandon Neider as a candidate in a primary election to be held on June 23, 2026, for the nomination of the Republican Party as its candidate for the public office of Member of the New York State Assembly for the 89th Assembly District. The petitioners alleged, among other things, that the designating petition was permeated with fraud because the signatures were obtained by fraud and invalid, and some of the signatures were not personally signed by the persons whose name appeared on the designating petition. After a hearing, by final order dated April 28, 2026, the Supreme Court granted the petition, inter alia, to invalidate the designating petition. Neider appeals.

"A special proceeding commenced pursuant to Election Law article 16 must be heard upon such notice to such officers, persons or committees as the court or justice shall direct" (Matter of Stark v Williams, 216 AD3d 859, 861 [internal quotation marks omitted]). "In such a proceeding, '[t]he method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with'" (id., quoting Matter of Hennessey v DiCarlo, 21 AD3d 505, 505).

Here, the petitioners showed via affidavits of service and subsequent testimony that they properly served Neider pursuant to the method of service provided for in the order to show cause. Neider failed to present any evidence rebutting the presumption and proof of proper service. Accordingly, the Supreme Court properly determined that this proceeding was not jurisdictionally defective.

Neider's contention that the petition, inter alia, to invalidate the designating petition was not timely served is without merit. Service was timely effectuated within the statutory period, as the relevant documents were affixed to the door of Neider's actual place of abode on April 20, [*2]2026, which was the last day to commence this proceeding under the period authorized by the Election Law (see id. § 16-102[2]; Matter of Angletti v Morreale, 25 NY3d 794, 798).

A candidate's designating petition will be invalidated on the ground of fraud where there is a showing that the entire designating petition is permeated with fraud or where the candidate has participated in, or is chargeable with, knowledge of the fraud, even if there are a sufficient number of valid signatures on the remainder of the designating petition (see Matter of Sgammato v Perillo, 131 AD3d 648, 650-651; Matter of Felder v Storobin, 100 AD3d 11, 15-16). Here, the testimony at the hearing revealed that Neider did not personally witness and identify all of the signatures to which he attested (see Matter of Cirillo v Gardiner, 65 AD3d 638, 639). Further, the evidence similarly demonstrated that other subscribing witnesses did not personally witness and identify the signatures to which they attested. Under these circumstances, the Supreme Court properly granted the petition, inter alia, to invalidate the designating petition (see Matter of Sgammato v Perillo, 131 AD3d at 651; Matter of Cirillo v Gardiner, 65 AD3d at 639).

Neider's remaining contentions are without merit.

IANNACCI, J.P., BRATHWAITE NELSON, FORD, LOVE and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court