Matter of New v Marsh

2026 NY Slip Op 03107

May 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Meir New, appellant,

v

Louis Marsh, et al., respondents-respondents, et al., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 14, 2026

2026-04542, (Index No. 516120/26)

Colleen D. Duffy, J.P.

Barry E. Warhit

Janice A. Taylor

Lourdes M. Ventura

Phillip Hom, JJ.

[*1]

DECISION & ORDER

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the party position of Member of the Democratic State Committee for the 43rd Assembly District, the petitioner appeals from a final order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated May 5, 2026. The final order, in effect, granted the motion of the respondents Louis Marsh, Ed Gauvin, Anthony Beckford, Michelle Tege, and Patricia Charles to dismiss the amended petition, inter alia, to validate the designating petition for lack of jurisdiction and dismissed the proceeding.

ORDERED that the final order is affirmed, without costs or disbursements.

On May 4, 2026, the final day that this proceeding could be commenced (see Election Law § 16-102[2]), the petitioner commenced this proceeding, by amended order to show cause, against the respondents Louis Marsh, Ed Gauvin, Anthony Beckford, Michelle Tege, and Patricia Charles (hereinafter collectively the individual respondents) and the respondent Board of Elections in the City of New York pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner as a candidate in a primary election to be held on June 23, 2026, for the party position of Member of the Democratic State Committee for the 43rd Assembly District (hereinafter the designating petition). The Supreme Court directed that service on the individual respondents be effected, among other methods, by affixing the relevant papers to the door of the address of each of the individual respondents and mailing a duplicate copy of the papers to the individual respondents' addresses via overnight delivery on or before May 4, 2026. Affirmations of service filed in this proceeding averred that service on the individual respondents was attempted by affixing the relevant papers to their doors.

The individual respondents then moved to dismiss the amended petition, inter alia, to validate the designating petition for lack of jurisdiction. The petitioner opposed. In a final order dated May 5, 2026, the Supreme Court, in effect, granted the motion of the individual respondents and dismissed the proceeding. The petitioner appeals.

"A special proceeding commenced pursuant to Election Law article 16 must be heard upon such notice to such officers, persons or committees as the court or justice shall direct" (Matter of Louis v Diaz, 238 AD3d 813, 814 [internal quotation marks omitted]). The method of service provided for in an order to show cause is jurisdictional in nature and must be strictly complied with (see Matter of Stark v Williams, 216 AD3d 859, 861; Matter of Hennessey v DiCarlo, 21 AD3d 505, 505).

Here, the Supreme Court properly, in effect, granted the motion of the individual respondents to dismiss the amended petition, inter alia, to validate the designating petition and dismissed the proceeding. The petitioner failed to demonstrate that the amended petition was served in accordance with the service provision of the amended order to show cause (see Matter of Brown v Commissioners of the City of N.Y. Bd. of Elections, 184 AD3d 701, 702). Since the record shows that the relevant papers were not mailed via overnight delivery to the individual respondents as required in the amended order to show cause, the court lacked jurisdiction to hear the proceeding.

The petitioner's remaining contentions are not properly before this Court.

DUFFY, J.P., WARHIT, TAYLOR, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court